382 So.2d 1040 (1980)
Bertell WILLIAMS, Andy Riser and M. Gilbert, Plaintiffs-Appellants,
v.
James TURNER, Jr., Superintendent of Caldwell Parish School Board, and the Caldwell Parish School Board, Defendants-Appellees.
No. 14089.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1980.
Martha E. Minnieweather, Bastrop, Clyde Lain, II, Monroe, for plaintiffs-appellants.
Don C. Burns, Columbia, for defendants-appellees.
Before HALL, MARVIN and JONES, JJ.
MARVIN, Judge.
The district court, reviewing a decision of the defendant School Board, affirmed the Board's decision expelling four elementary students from school effective April 19, 1979, for the remainder of the 1978-79 school year, and rejected the other demands of the parents. The parents appeal. We affirm.
LRS 17:416 sets forth the procedure by which students may be suspended and expelled by school authorities. In such circumstances the student is entitled to be advised by his principal of the basis for the discipline and the particular conduct of which he is accused and is entitled to the opportunity of explaining his conduct.
*1041 If the principal recommends expelling a student, the superintendent or his designate is required to hold a hearing to determine what disciplinary action shall be taken.
The parent or tutor of the student is entitled to a review by the School Board, which may either affirm, modify or reverse the discipline imposed by the superintendent. The parent is entitled to appeal from the ruling of the School Board to the district court, which may reverse or revise the ruling on a finding that the Board's ruling was based on an absence of relevant evidence in support of the ruling. Procedurally, the statute affords due process and is not unconstitutional. See Goss v. Lopez, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975); Murray v. West Baton Rouge Par. School Board, 472 F.2d 438 (5th Cir. 1973); Whiteside v. Kay, 446 F.Supp. 716 (U.S.D.C. W.D. La., 1978).
The statute contemplates only that judicial review of the disciplinary action shall be afforded. Plaintiffs here sought not only reversal of the expulsion of their children, but damages on behalf of their children for the alleged wrongful expulsion. No objection was made to this cumulation. The lower court found that there was relevant evidence supporting the decision of the Board and rendered a judgment affirming the decision and rejecting the demands of plaintiffs.
Plaintiffs contend on appeal that there was no relevant evidence supporting the decision of the Board, that due process was not afforded, that the Board "violated the freedom of speech of the students," and that damages should have been assessed.
LRS 17:416 generally authorizes a principal to suspend any student ". . . who is guilty of willful disobedience [or] who treats with intentional disrespect a teacher [or] principal . . . [or] who is guilty of . . . vicious practices or of conduct . . . injurious to his associates . . ."
The children involved were Tony and Andre Riser, Henry Williams, and Mack Gilbert. Tony, Henry and Mack apparently were classmates under the tutelage of a Mrs. Jackson. Tony had disturbed the class and Mrs. Jackson ordered him to stand in a corner in the hall. When he did not obey her order, she paddled him. During a school recess Tony, Henry, and Mack conspired to call Mrs. Jackson out of her classroom so that Tony could hit her with a stick. Another teacher prevented fulfillment of the scheme by taking away the stick. Andre and Tony confronted Mrs. Jackson in a hallway of the school. Tony told Mrs. Jackson, "You'd better not hit me again for doing nothing." Andre, in a voice Mrs. Jackson described as "threatening", told her, "Don't ever hit my brother (Tony) again for nothing, you'd better not hit my brother again." Mrs. Jackson ordered the two boys to accompany her to the principal's office. Andre refused. Another teacher appeared. She corroborated Mrs. Jackson's version of what occurred. Andre obeyed the principal's later order to report to the principal's office. On three prior occasions during the 1978-79 school year Andre had been suspended by the principal.
The superintendent mailed letters to the parents of each of the children advising that expulsion had been recommended and that a hearing was scheduled. The letters requested the presence of the parents and the child. Likewise, they were advised of the result and their rights of appealing to the School Board. They appeared at the hearings before the superintendent and before the School Board. They testified and were allowed to ask questions. The expulsions were upheld by votes of 4-2 with one abstention (Mack Gilbert), 7-0 (Henry Williams, Tony Riser), and 6-0, with one abstention (Andre Riser).
We find no constitutional due process infirmity in the manner in which the hearings were conducted or in the manner in which these students were expelled. We fail to understand how, and do not find that, the freedom of speech of the students is or was curtailed either by the school authorities, by the statute, or by the way it was administered here. The students were disciplined because they freely spoke and *1042 acted. Conspiracy to commit a battery is not protected free speech in any event. See Schenck v. United States, 249 U.S. 47, 39 S.Ct. 247, 63 L.Ed. 470 (1919).
Relevant evidence was not absent, but indeed was present. We find no error. At appellants' cost, judgment in all respects is AFFIRMED.