459 So.2d 143 (1984)
Florence V. JENKINS and Tommy Joe Jenkins, Plaintiffs-Appellants,
v.
OUACHITA PARISH SCHOOL BOARD, Defendant-Appellee.
No. 16570-CA.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1984.
Rehearing Denied November 29, 1984.
Writ Denied January 14, 1985.
*144 Simmons & Nelson by Otha Curtis Nelson, Sr., Baton Rouge, for plaintiffs-appellants.
McLeod, Swearingen, Verlander & Dollar by David E. Verlander, Monroe, for defendant-appellee.
Before MARVIN, JASPER E. JONES and FRED W. JONES, Jr., JJ.
JASPER E. JONES, Judge.
The plaintiffs, mother and son, filed suit against the Ouachita Parish School Board and Mr. Oliver Wright, the principal of the son's school, for damages for the son's alleged wrongful expulsion from the parish school system.[1] The plaintiffs' suit also demands that the son be reinstated as a student in the school system or in the alternative to have his school records cleared of all notations of misconduct. The defendants filed peremptory exceptions of prescription, no right of action and no cause of action. The trial judge sustained all exceptions and ordered plaintiffs' suit dismissed. Plaintiffs appeal. We affirm in part and reverse in part.
The son, Tommy Joe Jenkins, was expelled from the school system after a hearing before the school board on November 17, 1982. The petition, which was filed November 7, 1983, alleges that the action of the board in expelling Tommy Joe constituted racial discrimination, a violation of equal protection and a taking of property without due process of law. The petition also alleges that Tommy Joe was defamed in connection with the expulsion proceedings.

Prescription
The grounds for and procedure which must be followed to expel a student are contained in LSA-R.S. 17:416. Section C of that statute provides that the parent or *145 tutor of the expelled student may, within ten days, appeal the board's ruling to the district court. Plaintiffs argue their suit is not subject to the ten day period of limitation because their cause of action is in tort and is subject to a one year prescriptive period under LSA-C.C. art. 3536.[2] Defendants argue that regardless of how the petition is couched, plaintiffs are in essence seeking to overturn the board's action and as such suit had to be brought within the delay provided for in 17:416 C.
In the case of Duer & Taylor v. Blanchard, Walker, Etc., 354 So.2d 192 (La.1978) the supreme court set out the rules for determining the applicable prescriptive period as follows:
Louisiana jurisprudence is well settled that the character of an action given by a plaintiff in his pleadings determines the prescription applicable to it... It is equally well settled that prescription is stricti juris and the statutes on the subject cannot be extended from one action to another, nor to analogous cases beyond the strict letter of the law... Therefore, in resolving the certified question, we must examine the character of the action between the parties to determine the applicable prescriptive period. (cites omitted)
This court has found 17:416 C contemplates only that judicial review of the expulsion will be afforded. Williams v. Turner, 382 So.2d 1040 (La.App.2d Cir. 1980). There we recognized that a claim for damages for wrongful expulsion is a separate and distinct cause of action from a demand to have the expulsion reversed. Since the claim for damages is not within the contemplation of 17:416 C, it is not subject to the prescriptive period contained therein but is covered by the one year prescriptive period for torts.
The judgment of the trial court is reversed insofar as it holds that plaintiffs' claim for damages has prescribed. The judgment is affirmed insofar as it holds that the demand for reinstatement has prescribed.

No Right of Action
The exception of no right of action is directed at the mother's claim. She seeks to recover damages in the nature of mental anguish because she was required to send Tommy Joe to a private school to complete his education.[3]
A person cannot recover in tort for mental anguish resulting from injuries suffered by another. Steele v. St. Paul Fire & Marine Ins. Co., 371 So.2d 843 (La.App.3d Cir.1979); Parker v. St. Paul Fire & Marine Ins. Co., 335 So.2d 725 (La.App.2d Cir.1976). Here the alleged tort was suffered by Tommy Joe. His mother has no right to recover for mental anguish resulting from the alleged tort committed upon her son.
The judgment sustaining the exception of no right of action is AFFIRMED.

No Cause of Action
One of the leading supreme court decisions on exceptions of no cause of action is Haskins v. Clary, 346 So.2d 193 (La.1977) which summarizes the rules applicable to the exception as follows:
The peremptory exception of no cause of action tests the legal sufficiency of the petition, and is triable on the face of the papers. For the purpose of determining the validity of the exception, all well-pleaded allegations of fact are accepted as true, and if the allegations set forth a cause of action as to any part of the demand, the exception must be overruled...
Liberal rules of pleading prevail in Louisiana and each pleading should be so construed as to do substantial justice... When it can reasonably do so, the court should maintain a petition so as to afford the litigant an opportunity to present his evidence...

*146 The general rule applicable to trial of such exceptions is that an exception of no cause of action must be overruled... unless plaintiff has no cause of action under any evidence admissible under the pleadings... Because a petition is subject to more than one interpretation or is vague, does not mean that it is fatally deficient. A vague, uncertain, or indefinite petition is subject to an exception of vagueness, but not to an exception of no cause of action... (cites omitted, emphasis supplied)
Defendants argue the petition fails to state a cause of action because the allegations that the board's action constitutes racial discrimination, a violation of equal protection and a denial of due process are conclusory in nature and there are no facts alleged to support the conclusions.[4] While we agree with this contention, we find the trial court erred in sustaining the exception because the petition, in part, states a cause of action for defamation.[5]
To maintain an action in defamation, the following elements must be shown: (1) defamatory words; (2) publication (communication to someone other than the person defamed); (3) falsity; (4) malice, actual or implied; and (5) resulting injury. Cangelosi v. Schwegmann Bros., Etc., 390 So.2d 196 (La.1980); Carter v. Catfish Cabin, 316 So.2d 517 (La.App.2d Cir.1975).
In paragraph 5 of the petition it is alleged:
The principal (referring to Wright) signed a statement for plaintiff, Tommy Joe Jenkins' suspension and explusion (sic) from school and should have known that the statements made against him were untrue.
Although this allegation is vague, it is broad enough to require the admission of evidence showing: a false and defamatory statement was made; the statement was communicated to the school board; and injury, Tommy Joe's expulsion, resulted from the statement. Evidence of malice (actual or implied) could be admitted on the allegation that the principal made statements which he should have known were false and which caused Tommy Joe to be expelled from school.
Defendants argue that in order to state a cause of action for defamation, the plaintiff must allege with particularity the statement he contends is false. No authority has been cited for this contention and we found none. The defendant could have required the false statement to have been alleged with particularity by filing an exception of vagueness.
The judgment sustaining the exception of no cause of action is reversed and the case is remanded to the trial court for further proceedings according to law. Costs are to be assessed at the conclusion of the litigation.
NOTES
[1] The petition states other unnamed employees of the school board are made defendants. Plaintiffs attempted to secure the names of these individuals by way of interrogatories.
[2] The applicable portion of article 3536 was vacated and reenacted as LSA-C.C. art. 3492 by Acts 1983, No. 173 effective January 1, 1984.
[3] The expenses of attending private school are included as an item of damages in Tommy Joe's claim.
[4] Defendants also address plaintiffs' prayer for a jury trial in the exception of no cause. The function of a peremptory exception is to have plaintiffs' action declared legally nonexistent. LSA-C.C.P. art. 923. Defendants cannot raise the issue of whether plaintiffs are entitled to a jury trial by this exception.
[5] Had we found that the petition failed to state a cause of action we would be compelled to find the trial court erred in ordering Tommy Joe's action dismissed without giving him an opportunity to amend his petition. LSA-C.C.P. art. 934.