KNOLL, J.,
dissents.
|!With all due respect, I dissent and would affirm the judgment of the trial court. I find there is a substantial amount of record evidence supporting the lower courts’ determination that the Caddo Parish School Board and its representatives acted negligently, if not arbitrarily and capriciously, in initiating and carrying out disciplinary proceedings against plaintiff Justin Christy. Indeed, there is evidence which would support a finding of negligence at almost every step of the disciplinary process. As a direct result, plaintiff was unable to complete his senior year of *306 high school or graduate with his class. Ultimately, he earned a GED instead.
As an initial matter, I find the majority opinion holds plaintiff to an incorrect legal standard. The opinion assumes Christy was required to establish a denial of due process on the part of the School Board as part of his tort claim. While plaintiffs petition does allege a violation of due process, it also alleges a traditional negligence claim.[1] The majority fails to properly distinguish between a |2due process analysis and a general tort analysis and, as a result, erroneously holds plaintiff to the strict legal standard necessary to show a deprivation of due process. In my view the majority totally fails to recognize the delictual nature of plaintiffs claim, leading to a confused analysis focusing on due process rather than negligence.
The majority opinion cites Swindle v. Livingston Parish Sch. Bd., 655 F.3d 386 (5th Cir.2011), which holds that a school board owes a duty to provide its students with adequate procedural protections as required by the Due Process Clause of the U.S. Constitution' — at a minimum, notice of the pending action and an opportunity to be heard. Id. at 396; Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). However, it does not follow that this is the only duty which a school board owes to its students. Notably, the Swindle court only addressed the due process claims because that is all that was alleged; there was no allegation of negligence under La. Civ. Code art. 2315. Swindle, 655 F.3d at 387. Prior Louisiana jurisprudence recognizes a cognizable claim for tort damages in the event of wrongful expulsion; indeed, the School Board does not dispute this point. See Jenkins v. Ouachita Parish Sch. Bd., 459 So.2d 143, 145 (La.App. 2 Cir.1984), writ denied, 462 So.2d 652 (La.1985); Williams v. Turner, 382 So.2d 1040, 1041 (La.App. 2 Cir.1980). By conflating the two standards of due process and negligence, the majority erroneously holds plaintiff to a higher standard.
While I certainly agree that a student is entitled to due process when faced with disciplinary action, due process is not the only duty that a school board owes to its students prior to expulsion. Dr. Miles Hitchcock, a former member of the School Board called by the plaintiff as an expert witness, testified the Board had a “duty to ensure that the board’s policies were applied correctly” and a duty to |3“perform its [disciplinary] duty in a manner which promotes ‘safety, well-being and the best interests of students.’ ” Christy v. McCalla, 45,754 (La.App. 2 Cir. 12/15/10), 53 So.3d 689, 695. He also opined the School Board had a duty to conduct a “full and complete investigation” at each step of the disciplinary process. Id. Both the trial court and the court of appeal agreed with Dr. Hitchcock.
By focusing solely on the due process claim, the majority opinion fails to recognize the tortuous conduct based on negligence. The majority opinion postures the plaintiffs claim as if a tort suit were based solely on deprivation of due process. This is an error of law. Plaintiff does not complain that he was deprived of the opportunity to have a hearing. Rather, plaintiff urges he was injured because of the conduct occurring before and during the hearings, specifically, the failure to conduct an *307 adequate investigation of all relevant facts and the failure to take into account testimony from Christy and Andrew Heacock exonerating Christy from any knowing possession of the bottle of whiskey.
The proper question for this Court is whether, applying the manifest error standard, there was sufficient record evidence from which the trial court could have reasonably concluded that the defendant acted negligently. Under the manifest error standard, a determination of fact is entitled to great deference on review, and “where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.” Guillory v. Lee, 09-0075 (La.6/26/09), 16 So.3d 1104, 1116 (citation omitted). This “well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.” Id. at 1117 (quoting Perkins v. Entergy Corp., 00-1372 (La.3/23/01), 782 So.2d 606). For us to |4overturn a lower court’s finding of fact, we must find “no reasonable factual basis for the trial court’s conclusions,” and the finding must be “clearly wrong.” Kaiser v. Hardin, 06-2092 (La.4/11/07), 953 So.2d 802, 810.
The record established at trial reflects a reasonable factual basis for finding the School Board was negligent. The majority opinion admits that the School Board’s actions were “not exemplary.” (Op. at 300 n. 7). This is an understatement. Christy’s disciplinary case was mishandled almost from the start. Andrew Hite, the disciplinary administrator at Captain Shreve, knew early on that Andrew Heacock had confessed to placing the whiskey bottle in Christy’s backpack without Christy’s knowledge. Heacock’s confession was strong evidence indeed, as he had not previously been implicated in Christy’s disciplinary proceedings and would have much to gain by keeping silent and not getting involved. Hite testified at trial that, despite hearing Heacock’s confession, he nonetheless recommended that Christy be expelled. The next step in the disciplinary proceeding was before Larry Anderson, the school’s supervisor for child welfare. Anderson admitted that he performed no investigation at all, and instead chose to simply rely on Hite’s version of the story without taking into account Heacock’s confession. This is negligent failure to conduct even the most rudimentary investigation. To compound the injurious conduct, the School Board employees negligently ignored the evidence which may have benefited Christy.
Christy’s disciplinary case then went to the superintendent’s appeals committee, during which the committee failed to advise Christy or his parents that they were entitled to call witnesses such as Heacock. Without Heacock’s testimony, there is no way the appeal committee’s decision can be said to have been based on a “full and complete investigation” with all the facts.
The majority admits it “might be said that the school administrators did not render all process due to Justin,” but ultimately decides this is irrelevant because | sonly the School Board had the final say in Christy’s suspension and, thus, only the School Board’s actions could have “caused” any harm to Christy. As a policy matter, it is troubling to find the School Board was negligent at all levels of the disciplinary proceeding save the final level, yet act as though the final hearing can somehow wash away the negligent and unfair actions at every step prior to the final hearing. *308 At any point in the process, the school administrators could have — and should have — recommended against suspension or expulsion, in which case there would have been no need for a hearing before the entire Board.
Causation under Louisiana law is based on the “cause-in-fact” test. Lasyone v. Kansas City So. R.R., 00-2628 (La.4/3/01), 786 So.2d 682, 690-91. A negligent action is a cause-in-fact whenever it was a “substantial factor in bringing about the harm.” Id. at 691. “While a party’s conduct does not have to be the sole cause of the harm, it is a necessary antecedent essential to an assessment of liability.” Id. Here, although the negligent actions of Hite, Anderson, the superintendent’s appeals committee, and others may not have been the sole causes of Christy’s harm, there is no question they were substantial factors in his eventual expulsion. If those responsible for the lower levels of the disciplinary process had performed their jobs adequately, it would have been resolved long before ever reaching the School Board.[2]
Finally, I cannot accept the majority’s conclusion that Christy’s claim fails because he failed to introduce the actual backpack into evidence at trial. The majority opinion apparently recognizes the issue sua sponte, without prompting from the School Board. Its observance is misplaced. The size of the backpack is |finot the underlying or dispositive issue in this case. The issue is who placed the whiskey in the backpack. Plaintiff testified he did not, and Heacock testified he did. The trial court found the School Board and its representatives acted negligently in imposing severe disciplinary actions against Christy without conducting a full and fair investigation and without taking into account this extremely relevant testimony. The trial court judge is in the best position to view the evidence, hear the testimony, and observe the demeanor of the witnesses. If he believed, in his capacity as finder of fact, that Christy did not know the bottle of liquor was in his backpack, I would defer to his judgment.
This Court regularly cautions appellate courts not to lightly overturn the factual findings of the trial court: “Because the discretion vested in the trier of fact is so great, and even vast, an appellate court should rarely disturb its findings on review.” Guillory, 09-0075 at p. 14, 16 So.3d at 1117.[3] I believe in this case we would be best served in taking our own cautionary advice.

. The School Board's claim that it is entitled to immunity for tort claims is unavailing. The doctrine of sovereign immunity is expressly disclaimed by La. Const, art. XII, § 10(A), unless there is a specific statute granting an immunity. Jacobs v. City of Bunkie, 98-2510 (La.5/18/99), 737 So.2d 14, 19. Defendant does not cite to any statute granting immunity to school boards, and its claim must fail.

. It appears the majority may be applying a variation of the "last clear chance” doctrine, under which a plaintiff could not recover if he had the "last clear chance” to avoid an injury. See Patin v. State Farm Ins. Co., 395 So.2d 466 (La.App. 3rd Cir.1981). This doctrine only applied where the plaintiff had the last clear chance to avoid harm; here, the "last clear chance” was in the hands of the School Board, not Christy. Moreover, this doctrine has been superceded by the doctrine of comparative fault, and no longer acts as a bar to plaintiff's recovery. Watson v. State Farm Fire and Cas. Ins. Co., 469 So.2d 967, 973 (La.1985); Frank L. Maraist & Thomas C. Galligan, Jr., Louisiana Tort Law § 9.06 (2004 ed. Supp.2010).

. See Nolan v. Mabray, 10-373 (La.11/30/10), 51 So.3d 665, 672: "This all comes down to a matter we are faced with all too often in our discretionary review of civil cases-the failure to follow the manifest error standard of review by courts of appeal.”