349 So.2d 903 (1977)
Robert L. RABORN
v.
LOUISIANA HEALTH AND HUMAN RESOURCES ADMINISTRATION, Louisiana Civil Service Commission, and Louisiana Department of Civil Service.
No. 11384.
Court of Appeal of Louisiana, First Circuit.
June 13, 1977.
Rehearing Denied August 24, 1977.
Writ Granted November 4, 1977.
Robert L. Raborn, in pro. per.
William J. Guste, Jr., Atty. Gen., Patrick J. Briney, Staff Atty., Baton Rouge, of counsel for defendant-appellee, La. Health & Human Resources Administration, et al.
R. Gray Sexton, Baton Rouge, of counsel for defendant-appellee, Civil Service Commission of Dept. of Civil Service.
Before ELLIS, CHIASSON and PONDER, JJ.
*904 CHIASSON, Judge.
This is an appeal of a judgment of the District Court sustaining the Declinatory Exception of Lack of Subject Matter Jurisdiction filed by the defendants-appellees, the Louisiana Health and Human Resources Administration, the Louisiana Civil Service Commission, and the Louisiana Department of Civil Service, and dismissing the suit for a Declaratory Judgment and Injunction filed by the plaintiff-appellant, Robert L. Raborn.
The appellant is employed as an Attorney III, a classified civil service position, by the Louisiana Health and Human Resources Administration. At issue is whether the appellant, as an Attorney III, can be required to perform notarial services for Earl K. Long Memorial Hospital.
The appellant contends:
"1. The trial court erred when it sustained the exception filed by the defendants herein entitled `Declinatory Exception of Lack of Subject Matter Jurisdiction' and dismissed plaintiff's petition, without allowing him a delay in which to amend his petition to correct the objections if any.
"2. The trial court erred when it sustained the declinatory exception filed herein by the defendants, and in finding any grounds in which to support the exception, or otherwise to dismiss plaintiff's suit." (Emphasis supplied).
Article 10 § 10(A)(1) of the Louisiana Constitution of 1974 grants unto the Civil Service Commission very broad powers for the administration and regulation of the classified service, including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, employment conditions and other personnel matters and transactions.
Article 10 § 10(B) provides:
"Each commission may investigate violations of this Part and the rules, statutes, or ordinances adopted pursuant hereto."
Article 10 § 12 of the Louisiana Constitution of 1974 provides:
"Each commission shall have the exclusive power and authority to hear and decide all removal and disciplinary cases, with subpoena power and power to administer oaths. It may appoint a referee to take testimony, with subpoena power and power to administer oaths to witnesses. The decision of a commission shall be subject to review on any question of law or fact upon appeal to the court of appeal wherein the commission is located, upon application filed with the commission within thirty calendar days after its decision becomes final."
The appellant is attempting to circumvent this exclusive jurisdiction by seeking a declaratory judgment and injunction which would prevent his being removed or disciplined for failing to provide the requested services.
Because the Constitution gives the Civil Service Commission exclusive jurisdiction in these cases the District Court was without jurisdiction and properly sustained the appellees' declinatory exception.
Article 932 of the Louisiana Code of Civil Procedure provides:
"When the grounds of the objections pleaded in the declinatory exception may be removed by amendment of the petition or other action of plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court.
"If the grounds of the objection cannot be so removed, or if the plaintiff fails to comply with an order requiring such removal, the action shall be dismissed; except that if it has been brought in a court of improper jurisdiction or venue, the court may transfer the action to a proper court in the interest of justice."
The grounds for the exception in this case are jurisdictional and, as a result, may not be removed by amending the petition of the appellant. In addition, there is no proper court to which this case may be transferred because jurisdiction in this matter lies exclusively with the Civil Service Commission.
*905 Therefore, the District Court did not err in dismissing appellant's suit.
Because of the above holding we do not find it necessary at this time to determine whether or not the appellant's petition presents a justiciable controversy.
For the above reasons, the judgment appealed is affirmed. Costs to be paid by appellant. AFFIRMED.