436 So.2d 685 (1983)
Leonard HILLARD
v.
The HOUSING AUTHORITY OF NEW ORLEANS.
No. CA-0578.
Court of Appeal of Louisiana, Fourth Circuit.
July 8, 1983.
Steven M. Koenig of Heisler & Wysocki, New Orleans, for plaintiff-appellant.
Frederick F. Olsen, Jr., O'Keefe, O'Keefe & Berrigan, New Orleans, for defendant-appellee.
Before SCHOTT, AUGUSTINE, and CIACCIO, JJ.
AUGUSTINE, Judge.
This is an appeal of a judgment of the District Court sustaining the Declinatory Exception of Lack of Subject Matter Jurisdiction filed by the defendant-appellee, Housing Authority of New Orleans (HANO), and dismissing plaintiff-appellant Hillard's suit for damages based on wrongful discharge from employment due to having asserted a workmen's compensation claim.
The appellant was employed by HANO in a classified civil service position. He had been injured in the course and scope of his employment and he was later terminated. Hillard filed suit in Civil District Court alleging that he was discharged, contrary to the provisions of La.R.S. 23:1361[1], for having *686 asserted a claim under the workmen's compensation laws of Louisiana. HANO filed an exception of Lack of Subject Matter Jurisdiction alleging that the Civil Service Commission was vested with exclusive jurisdiction to decide all removal cases. The court sustained the exception after a hearing and Hillard filed this appeal.
The appellant contends that the district court erred in upholding the exception and that the court's ruling violates the appellant's rights to due process and equal protection of the law. We hold that the granting of the exception was proper and not in violation of the appellant's rights. We affirm.
The Louisiana Constitution grants to the Civil Service Commission very broad powers for the administration and regulation of the classified service, including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualification, employment conditions and other personnel matters and transactions. 1974 La.Const. Art. 10 § 10(A)(1). Article 10 § 10(B) provides that each commission may investigate violations of its rules, statutes or ordinances adopted pursuant to Art. 10 § 10(A)(1). In addition, Art. 10 § 12 gives the commission exclusive power and authority to hear and decide all removal and disciplinary cases.
Hillard argues that he is entitled to damages under the provisions of La.R.S. 23:1361 of Louisiana's workmen's compensation laws because he was unlawfully discharged based upon his assertion of a workmen's compensation claim. Further, appellant argues that the authority or jurisdiction of the Civil Service Commission would not be impinged upon if this suit, under La.R.S. 23:1361, were allowed to proceed. We disagree.
The present case is similar to Peete v. Scheib, 156 So.2d 280 (La.App. 4th Cir.1963), writ refused, 245 La. 90, 157 So.2d 233 (1963), in which Peete, a civil service employee was illegally suspended and instituted a mandamus suit endeavoring to obtain an order directing his employer, HANO, to pay him lost wages. HANO pleaded the exceptions of no right or no cause of action, which exceptions were overruled. Trial proceeded on the merits and Peete was awarded a sum for lost wages. On appeal to this court, HANO reiterated its exceptions and this court maintained the exceptions, stating:
"We are convinced that it was incumbent upon the plaintiff to exhaust his administrative remedies before he was entitled to a hearing in either a district or an appellate court.
"While it is true that the Civil Service Commission is powerless to render a money judgment, an employee endeavoring to recover lost wages emanating from an illegal suspension must necessarily obtain a Commission ruling to the effect that this suspension was illegal before he can bring a mandamus action against his employer to compel payment of lost wages. If the district court was permitted to review the legality of the suspension then it would, in effect, possess concurrent jurisdiction with the Commission, which the Constitution clearly never contemplated nor intended."
In 1974, several years after the decision in Peete, a new constitution was adopted. The 1974 Constitution still vests the Civil Service Commission with exclusive jurisdiction over removal and disciplinary cases.
Following Peete, we therefore hold that the appellant must first exhaust his remedies *687 under the provisions of the Louisiana Constitution by successfully appealing his dismissal to the Civil Service Commission before bringing an action for damages in Civil District Court. The district court judge was correct in sustaining HANO's declinatory exception and dismissing the plaintiff's suit.
The judgment of the district court is hereby affirmed.
AFFIRMED.
NOTES
[1] L.S.A.-R.S. 23:1361 provides in relevant parts:

B. No person shall discharge an employee from employment because of said employee having asserted a claim for benefits under the provisions of this Chapter or under the law of any state or of the United States. Nothing in this Chapter shall prohibit an employer from discharging an employee who because of injury can no longer perform the duties of his employment.
C. Any person who has been denied employment or discharged from employment in violation of the provisions of this Section shall be entitled to recover from the employer or prospective employer who has violated the provisions of this Section a civil penalty which shall be the equivalent of the amount the employee would have earned but for the discrimination based upon the starting salary of the position sought or the earnings of the employee at the time of the discharge, as the case may be, but not more than one year's earnings, together with a reasonable attorney's fee.