503 So.2d 517 (1986)
Murray A. FOREMAN
v.
Ronald F. FALGOUT, et al.
No. CA 85 1346.
Court of Appeal of Louisiana, First Circuit.
December 23, 1986.
Rehearing Denied February 19, 1987.
Cyrus J. Greco, Baton Rouge, for plaintiff-appellant Murray A. Foreman.
Richard R. Simmons, Jr., Metairie, for defendants-appellees Ronald F. Falgout, James J. Wyllie, Jr., Health Services Development Corp.
Charles F. Castille, Frank H. Perez, Baton Rouge, for State.
Before LOTTINGER, SHORTESS and CARTER, JJ.
LOTTINGER, Judge.
This is an action ex delicto filed by Murray A. Foreman (Foreman) against Ronald F. Falgout, James J. Wyllie, Jr., Health Services Development Corporation, Harvey J. Fitzgerald (Fitzgerald), individually and in his capacity as undersecretary of the Department of Health and Human Resources, and the State of Louisiana for intentional interference with the plaintiff's employment. From a granting by the trial court of a declinatory exception raising the objection of lack of subject matter jurisdiction over Fitzgerald and the State of Louisiana, plaintiff appeals.

*518 FACTS
In March of 1984, Murray A. Foreman was transferred from a higher to a lower classification in the state's Department of Health and Human Resources. The new status did not afford the plaintiff promotion opportunities equal to those in his former position. Also, Foreman was assigned fewer job responsibilities, only one employee and no personal secretary.
In early 1985, the plaintiff became aware, through a federal grand jury indictment of Ronald F. Falgout and James Wyllie, Jr., that his transfer was caused by Falgout when the plaintiff "caused problems with the ability of the enterprise [Health Services and Development Corporation] to secure" the necessary departmental certification.
Foreman instituted this suit against the defendants for intentionally interfering with his employment rights. Health Services Development Corporation was the enterprise seeking the state's certification. Fitzgerald, both as the individual who initiated the transfer and as undersecretary for the plaintiff's employer, the Louisiana Department of Health and Human Resources, allegedly conspired with defendants Falgout and Wyllie to remove Foreman from his previous position to a lesser one.
Fitzgerald, individually and in his official capacity, and the State of Louisiana, through the Department of Health and Human Resources, filed a declinatory exception raising the objection of lack of the trial court's jurisdiction in the matter. Fitzgerald and the state argued that the plaintiff's concerns are that of a classified civil service employee and do not constitute a controversy capable of judicial resolution. The defendants also contended that the Louisiana Constitution grants the State Civil Service Commission the exclusive power and authority to adjudicate matters involving employment in the state civil service system.

TRIAL COURT
The trial court granted the exception and ordered Foreman's allegations against Fitzgerald and the state dismissed without prejudice. The trial court reasoned that the civil service system's power to adjudicate the matter was "the only organized way in which the matter can proceed." The trial court opined that if relief was not granted by "the process set up by the constitution," then the plaintiff could seek further redress in the courts.

ASSIGNMENT OF ERROR
In appealing, plaintiff contends that the trial court erred in granting the defendants' exception because the State Civil Service Commission does not have exclusive jurisdiction over the subject matter of his particular claim, the intentional interference with employment.

DISCUSSION
The issue before this court is whether a classified civil service employee can sue his supervisor and employer in a district court of this state for an alleged intentional interference with his job. We conclude that he cannot.
Article X, § 8(B) of the Louisiana Constitution as amended by Acts 1982, No. 883, effective October 15, 1982, provides:
No classified employee shall be discriminated against because of his political or religious beliefs, sex, or race. A classified employee so discriminated against shall have the right of appeal to the appropriate commission pursuant to Article 12 of this Part. The burden of proof on appeal, as to the facts, shall be on the employee.
Article X, § 12(A) of the Louisiana Constitution grants to the Louisiana Civil Service Commission "the exclusive power and authority to hear and decide all removal and disciplinary cases, ...."
Plaintiff-appellant attempts to circumvent the exclusive jurisdiction by filing this tort action against Fitzgerald, individually and as supervisor, and other individuals, who are not state employees, and by alleging a conspiracy. Plaintiff has cited no cases, nor have we been able to find any, which allow such an independent action in district court. The entire thrust of *519 the exclusive jurisdiction grant is to preclude district courts from having concurrent jurisdiction with the Civil Service Commission over classified civil service employer-employee disputes that are employment related. It is of no moment that Fitzgerald was also sued individually. Alleged actions were committed in his official capacity.
In Barenis v. Gerace, 357 So.2d 892 (La. App. 1st Cir.1978), writ denied, 359 So.2d 1308 (La.1978), plaintiff filed suit in district court contending that he was entitled to a promotion by virtue of the terms of a union contract. In affirming the sustaining of the declinatory exception raising the objection of lack of jurisdiction, we held that the Civil Service Commission had exclusive jurisdiction. Again, in Raborn v. Louisiana Health and Human Resources Administration, 349 So.2d 903 (La.App. 1st Cir. 1977), writ granted, 351 So.2d 175 (La. 1977), we held the Civil Service Commission had the exclusive jurisdiction when plaintiff, an Attorney III, filed suit seeking a declaratory judgment and injunction to prevent his removal or discipline for the failure to perform notarial services.
Therefore, for the above reasons we affirm at appellant's costs.
AFFIRMED.
CARTER, J., concurs.