559 So.2d 548 (1990)
Karen MOORE, Plaintiff-Appellant,
v.
The BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND MECHANICAL COLLEGE, as Administrators of and Doing Business as LSU Medical Center at Shreveport, et al., Defendants-Appellees.
No. 21376-CA.
Court of Appeal of Louisiana, Second Circuit.
April 4, 1990.
John Ford McWilliams, Jr., Shreveport, for plaintiff-appellant.
Louisiana Dept. of Justice by Susan Stafford, Staff Atty., and Gerald Jeffers, Asst. Atty. Gen., Baton Rouge, for defendants-appellees.
Before MARVIN, NORRIS and LINDSAY, JJ.
*549 MARVIN, Judge.
Reversing the trial court's dismissal of plaintiff's admittedly vague defamation action on an exception of lack of subject matter jurisdiction, LSA-Const. Art. 10, § 12(A), we remand to allow amendment of the petition by plaintiff, a State Civil Service employee, whose removal from service was reversed by the State Civil Service Commission after plaintiff filed her defamation action.
Plaintiff sought monetary damages on allegations that suggest defamatory accusations were made by other civil service employees in a conspiracy to cause her to be discharged.
The trial court's ruling was made before the Civil Service Commission reinstated plaintiff to her position with back pay, according to statements made in argument here.
The grant of exclusive jurisdiction by LSA-Const. Art. 10, § 12(A) to the Civil Service Commission "to hear and decide all removal and disciplinary cases" does not mandate a contrary result because plaintiff's action is in defamation and not in statutory employment or civil service. See and compare Hillard v. Housing Authority of New Orleans, 436 So.2d 685 (La.App. 4th Cir.1983), and Manale v. City of New Orleans, Dept. of Police, 673 F.2d 122 (5th Cir.1982).

FACTS
Karen Moore, a state civil service employee at LSU Medical Center in Shreveport, who was terminated November 17, 1987, brought the action on October 19, 1988, alleging that her hearing before the Civil Service Commission was yet pending. From the Commission she sought reinstatement and back pay, not damages. She concedes that the courts do not have subject matter jurisdiction over her demands for reinstatement and back pay. She contends that a tort or defamation action is not within the Commission's jurisdiction because the Commission does not have authority to award monetary damages.
Defendants contended below and here that the Commission's exclusive jurisdiction "encompasses all actions which arise from the disciplin[ing] or removal of an employee."
Ms. Moore alleged that her supervisors harassed and intimidated her; that the administrators knew or should have known of the harassment and made no effort to stop it; and that
one or more of the defendants, especially [the three supervisors], ... having made statements to other personnel of their desire that petitioner be fired and conspired together to see that petitioner was terminated from her employment ... and, therefore, wrote petitioner up for allegedly signing the crash cart log after the fact, and for times petitioner was allegedly not present, and requested and recommended that petitioner be terminated, when they knew such allegations were not true and/or intentionally failed to investigate such allegations fully.
Ms. Moore also alleged that the three supervisors transmitted to the three administrators "untrue and derogatory information [about her] and that these incorrect accusations caused [her] to be terminated[.]"

NATURE OF CIVIL SERVICE EXCLUSIVE JURISDICTION UNDER LSA-CONST. ART. 10, § 12(A)
A court may not entertain an action by a civil service employee for declaratory and injunctive relief to prevent his removal or discipline. Raborn v. La. Health & Human Resources Admin., 349 So.2d 903 (La.App. 1st Cir.1977). On the other hand, a civil service employee's action for breach of salary contract lies in the courts and not with the commission. Wheeler v. Dept. of Public Safety, 500 So.2d 786 (La.App. 1st Cir.1986). Compare Barenis v. Gerace, 357 So.2d 892 (La.App. 1st Cir.1978) writ denied.
A civil service employee who is wrongly removed from service may obtain relief from the commission restoring him to service with back pay and, if proper, from the courts awarding him damages for defamation *550 arising out of his removal from service. Manale v. City of New Orleans, Dept. of Police, supra. The civil service employee must, however, pursue and not abandon his civil service administrative remedy. Compare Hillard v. Housing Authority of New Orleans, supra, and Foreman v. Falgout, 503 So.2d 517 (La.App. 1st Cir.1986), where judgments sustaining the exception of lack of subject matter jurisdiction were affirmed because the plaintiffs did not seek review by the commission of their removal from service before bringing their tort actions.
Although Ms. Moore perhaps prematurely brought her action while her appeal to the commission concerning the legality of her removal was pending, we cannot, under this record, affirm the sustaining of the peremptory exception of lack of subject matter jurisdiction and the dismissal of her action with prejudice. C.C.P. Art. 1673; Rausch v. Hanberry, 377 So.2d 901 (La.App. 4th Cir.1979).

SUFFICIENCY OF DEFAMATION ALLEGATIONS
The elements of a defamation action are defamatory words, publication (communication to someone other than the person defamed), falsity, actual or implied malice, and injury. Jenkins v. Ouachita Parish School Bd., 459 So.2d 143 (La.App. 2d Cir.1984), writ denied. While defamation is generally incapable of joint commission and does not give rise to solidary liability, two exceptions to these general rules were recognized in Ardoyno v. Ungar, 352 So.2d 320 (La.App. 4th Cir.1977), writ denied:
[S]tatements made pursuant to a conspiracy to defame can create solidary liability as to all persons connected in the conspiracy.... [A]n employer and employee are solidarily liable for a defamatory statement by the employee, within the course and scope of his employment, at least when the defamation was authorized or ratified by the employer. 352 So.2d at 321; citations omitted.
We have summarized Ms. Moore's defamation allegations. While her factual allegations leave much to be desired, we find that they suggest elements of defamation against one or more of the defendants. Under these circumstances, dismissal of the action with prejudice and without leave to amend is improper. C.C.P. Art. 932; Matte v. Continental Trailways, Inc., 278 So.2d 60 (La.1973); Jenkins v. Ouachita Parish School Bd., supra.
At this juncture, the issue is not whether Ms. Moore will prevail at trial, but whether her allegations are sufficient to raise a claim that is outside the scope of the Civil Service Commission's exclusive constitutional jurisdiction. See and compare Lazar v. Gremillion, 189 So.2d 35 (La.App. 1st Cir.1966).

DECREE
Considering that the Civil Service Commission did not adjudicate Ms. Moore's employment status until after the jurisdictional exception was heard, we grant Ms. Moore 30 days after our judgment becomes definitive to amend her petition in the trial court to allege the outcome of the proceedings before the Commission and to allege with more particularity the factual basis of her defamation claims against the employer and the individual defendants.
We reverse the judgment sustaining the jurisdictional exception and dismissing the suit with prejudice, and remand for further proceedings, at defendants' cost, to the extent allowed by law.
REVERSED AND REMANDED.