688 So.2d 165 (1997)
Eric P. REIMER
v.
MEDICAL CENTER OF LOUISIANA AT NEW ORLEANS.
No. 95-C-2799.
Court of Appeal of Louisiana, Fourth Circuit.
January 29, 1997.
*166 Sidney M. Bach, Gerald Wasserman, Bach & Wasserman, Metairie, for Plaintiff/Respondent Eric P. Reimer.
Richard P. Ieyoub, Attorney General, Ray A. Benitez, III, Assistant Attorney General, Louisiana Department of Justice, New Orleans, for Defendant/Relator Louisiana Health Care Authority on behalf of Medical Center of Louisiana at New Orleans.
Before CIACCIO, PLOTKIN and MURRAY, JJ.
MURRAY, Judge.
This matter is before us on remand from the Supreme Court for briefing, argument and a full opinion in order to decide whether state Civil Service Commission Rules 1.14.1 and 13.10(h) conflict with Article X, section 8(B) of the Louisiana Constitution.[1]
*167 Eric Reimer, who was injured while in the course and scope of his duties at the Medical Center of Louisiana at New Orleans (the Medical Center), was terminated from his probationary employment with the Louisiana Health Care Authority because he failed to meet the attendance standards of that agency. Rather than appealing his dismissal to the Civil Service Commission (CSC), Mr. Reimer filed suit in Civil District Court for Orleans Parish alleging retaliatory discharge in violation of La.Rev.Stat. Ann. § 23:1361 and discrimination based on his handicap or disability in violation of La.Rev.Stat. Ann. § 46:2254 and § 51:2242. The Medical Center excepted on the basis that the district court lacked subject matter jurisdiction, arguing that Mr. Reimer's sole recourse was to appeal to the state CSC. The trial court overruled the exception, but this panel granted the Medical Center's writ application and reversed the trial court's judgment, relying on Mixon v. New Orleans Police Department, 407 So.2d 793 (La.App. 4th Cir.1981) and Hillard v. Housing Authority, 436 So.2d 685 (La.App. 4th Cir.1983). The Louisiana Supreme Court subsequently granted Mr. Reimer's writ application, and remanded to this court.

DISCUSSION
Article X, Section 8(B) of the Louisiana Constitution states in pertinent part:
Discrimination. No classified employee shall be discriminated against because of his political or religious beliefs, sex, or race. A classified employee so discriminated against shall have the right of appeal to the appropriate commission pursuant to Section 12 of this Part. The burden of proof on appeal, as to the facts, shall be on the employee.
Section 12(A), referenced in Section 8, confers on the CSC "the exclusive power and authority to hear and decide all removal and disciplinary cases, .... subject to review on any question of law or fact upon appeal to the court of appeal where the commission is located." [Emphasis added.]
In addition, Article X, Section 10(A)(1) of the Constitution empowers the state Civil Service with:
broad and general rulemaking and subpoena powers for the administration and regulation of the classified service, including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; ... and generally to accomplish the objectives and purposes of the merit system of civil service as herein established. [Emphasis added.]
Pursuant to this constitutional grant of authority, the CSC has promulgated the following Rules:
Rule 13.10 Appeals to the Commission
An appeal may be made to this Commission by
(a) Any person in the classified Service who alleges that he has been discriminated against or subjected to any disciplinary action because of his political or religious beliefs, sex, or race.
* * * * * *
(h) Any person who alleges that he has been the subject of discrimination as defined in Rule 1.14.1.
Rule 1.14.1 `Discrimination' means consideration of religious or political beliefs, sex, race, or any other non-merit factors.[2]
Mr. Reimer contends that Rule 1.14.1 is an unconstitutional enlargement of the CSC's authority because it expands the definition of discrimination to include "any other non-merit factors." He argues that the constitutional delegation of judicial authority to the CSC should be limited to discrimination based on the grounds specified in Article X, *168 Section 8(B) because Article V, Section 16(A) of the Constitution provides that district courts have jurisdiction over all civil matters. In the alternative, Mr. Reimer argues that the district courts and the CSC have concurrent jurisdiction for claims of discrimination by civil service employees based upon factors not enumerated in the constitution. Finally, he argues that his claim, which is for a money judgment, is beyond the authority of the CSC, relying on Hawkins v. Department of Health & Hospitals, 613 So.2d 229 (La. App. 1st Cir.1993) (as modified on reh'g), which held that a claim for past-due wages was beyond the authority of the CSC.
We reject Mr. Reimer's contention that application of the CSC's broadened definition of discrimination in this case expands its jurisdiction beyond its constitutional bounds. Mr. Reimer claims that he is a civil servant whose removal was wrongful and not for the reason stated. That his petition makes reference to other statutes does not change the nature of his claim. The authority to review the basis for a termination of a civil servant's employment and decide whether it was in accordance with law is expressly and unambiguously assigned to the CSC, subject to the right of judicial review, in Section 12(A) of Article X. See Bass v. Department of Public Safety & Corrections, 94-1974, p. 2 (La.App. 1st Cir. 5/5/95), 655 So.2d 455, 456.[3]
Furthermore, the enactment of CSC Rules 13.10(h) and 1.14.1 falls within the areas of employment, promotion, demotion, suspension, reduction in pay, removal and qualifications. Section 10(A)(1) of Article X of the Constitution specifically confers broad and general rulemaking powers upon the CSC to administer and regulate in these areas. Such rules must be recognized and enforced by the courts unless they violate basic constitutional rights or are unreasonable. Rocque v. Department of Health & Human Resources, 505 So.2d 726, 728 (La. 1987). Additionally, the CSC's exclusive power to adopt rules regulating the classified service in the areas expressly enumerated in Section 10(A)(1) cannot constitutionally be infringed upon. New Orleans Firefighters Ass'n Local 632 v. City of New Orleans, 590 So.2d 1172, 1175 (La.1991). This power must include the authority to prohibit unlawful discrimination by the employing agencies with regard to the areas enumerated, and to provide for enforcement of this prohibition.
In the areas in which the CSC has not expressly been given exclusive rulemaking authority, the concluding phrase of Section 10(A)(1) gives it the power to adopt rules "to accomplish the objectives and purposes of the merit system of civil service." One of the principal objectives of the merit system of civil service is "to protect public employees against discrimination, intimidation or dismissal because of political or religious beliefs, sex, race or other unjustified reasons." Id. at 1174-75 (emphasis added). Because unreasonable discrimination based upon physical condition is expressly prohibited in Sections 3 and 12 of Article I of our constitution, the CSC rule that protects classified employees who allege discrimination on that basis promotes the goal that such employees not be removed for unjustified reasons. This interpretation is in accord with the intent of the drafters that Section 10(A)(1) "be construed liberally in favor of fulfilling the goals of civil service." Id. at 1175.
The CSC's authority to provide protection against a discriminatory removal based upon disability, handicap or physical condition should not be restricted simply because the Constitution does not specifically prohibit discrimination upon that basis. We find, therefore, that Rules 1.14.1 and 13.10(h) do not unconstitutionally enlarge the CSC's authority.
Mr. Reimer argues in the alternative that this court should hold that the district courts and the CSC have concurrent jurisdiction over his claim because discrimination based upon disability or handicap is not mentioned *169 in the constitutional provisions concerning the civil service system. He contends that a holding that there is concurrent jurisdiction for his claim recognizes the co-equal provisions of Article V, Section 16(A), providing for access to the courts, and Article X, providing for the CSC's authority to review and regulate the personnel actions of state employers.
We reject this argument for two reasons. First, such an interpretation is not justified by these constitutional provisions. As pointed out at note 3, these provisions are not in conflict. Second, under these circumstances, finding that there is concurrent jurisdiction for Mr. Reimer's handicap discrimination and retaliatory discharge claims would result in unequal treatment of aggrieved civil service employees based on the type of discrimination alleged. For example, one who claimed discriminatory discharge based upon race would be required to pursue an administrative remedy while one who alleged age discrimination would have a choice of forum.[4]
Finally, we reject Mr. Reimer's argument that the only proper forum for his claim is a district court because he seeks a money judgment rather than reinstatement. Hawkins, 613 So.2d 229, the case upon which Mr. Reimer relies to support this argument, is inapposite. At issue in Hawkins was a claim for wages already earned by a discharged employee; there was no assertion that the employee's discharge was in any way wrongful. Mr. Reimer's removal is at the heart of his suit. In order for him to be entitled to damages it must be determined that he was unlawfully discharged from his position.
Mr. Reimer is correct that the CSC cannot award general tort damages, such as for injury to reputation or an invasion of privacy. See, e.g., Greenleaf v. DHH, Metropolitan Developmental Center, 594 So.2d 418 (La.App. 1st Cir.1991), writ denied, 596 So.2d 196-97 (La.1992), and cases cited therein. The CSC could, however, in addition to an award of costs and attorney fees, award back pay and order that all benefits and emoluments of office be restored to Mr. Reimer. Blappert v. Department of Police, 94-1284, pp. 6-7 (La.App. 4th Cir. 12/15/94), 647 So.2d 1339, 1343. If such an award would be inadequate to fully compensate Mr. Reimer for the harm suffered, he then could assert his claim in Civil District Court. Hillard, 436 So.2d at 687.
In conclusion, we hold that the application of CSC Rules 13.10(h) and 1.14.1 to require a state employee asserting discriminatory removal based upon handicap or physical condition is not in conflict with Article X, Section 8(B) of the Louisiana Constitution. Therefore, the district court lacks original subject matter jurisdiction over Mr. Reimer's claim, and the matter is dismissed without prejudice to his right to assert his claim with the CSC.
REVERSED AND RENDERED.
NOTES
[1] Reference was mistakenly made to CSC Rule 1.14.2 in this panel's original disposition of March 4, 1996; the Supreme Court's remand order of May 17, 1996 repeated our error. CSC Rule 1.14.1 is the provision actually at issue.
[2] Article 14, Section 15(N)(2) of the prior state Constitution expressly prohibited discrimination "because of [the employee's] political or religious opinions or affiliations." CSC Rule 1.14.1, which was promulgated pursuant to this prior Constitution, previously defined discrimination as "consideration of religious or political affiliations or beliefs, race or national origin, or any other non-merit factors." See, e.g., Courtney v. La. Dept. of Highways, 282 So.2d 721, 722 (La. App. 1st Cir.), writ refused, 286 So.2d 363 (La. 1973).
[3] Contrary to Mr. Reimer's contention, the constitutional grant of judicial authority to the CSC is not in conflict with Article V, Section 16(A), as the jurisdictions of the district courts under that Section is expressly limited by the prefatory phrase, "Except as otherwise authorized by this constitution, ...".
[4] Although Mr. Reimer offered no authority in arguing for concurrent jurisdiction, this court has previously held that a discharged civil servant need not seek further review of an adverse administrative appeal decision before asserting a claim in district court under 42 U.S.C. § 1983. Eberhardt v. Levasseur, 630 So.2d 844 (La.App. 4th Cir.1993), writ denied, 94-0408 (La.4/4/94), 635 So.2d 1107. That case is distinguishable, however, because it had previously been determined that, due to the unique remedial purpose of the federal statute, a litigant could not be required to exhaust state or administrative remedies before seeking relief under § 1983. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Chisley v. Richland Parish School Board, 448 F.2d 1251 (5th Cir.1971). Other than Eberhardt, we found no case in which a civil servant was permitted to assert a claim based upon an allegedly wrongful termination without first exhausting his remedies through the CSC.