721 So.2d 1081 (1998)
Davis CROCKETT
v.
STATE of Louisiana Through The DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS (LOUISIANA STATE PENITENTIARY, ANGOLA).
No. 97 CA 2528.
Court of Appeal of Louisiana, First Circuit.
November 6, 1998.
*1082 Edward A. Kaplan, Alexandria, for Plaintiff/Appellant Davis Crockett.
David G. Sanders, Assistant Attorney General, Louisiana Department of Justice, Baton Rouge, for Defendant/Appellee State of Louisiana.
Before GONZALES, KUHN and WEIMER, JJ.
KUHN, Judge.
The issues raised in this appeal are: 1) whether the district court has subject matter jurisdiction to decide a suit brought by a classified civil service employee against his employer for damages for mental anguish allegedly caused when the employee, a correctional officer, was subjected to a "visual body cavity search and body cavity search" conducted by fellow employees in violation of departmental regulations, and 2) whether the suit is premature due to the employee's failure to exhaust administrative remedies. We reverse the trial court's judgment.

I. FACTS AND PROCEDURAL BACKGROUND
Plaintiff, Davis Crockett, filed suit against his employer, the State of Louisiana, through the Department of Public Safety and Corrections (Louisiana State Penitentiary, Angola) (referred to hereinafter as "the State"), alleging, in pertinent part:
2.
On or about February 8, 1997 at approximately 12:00 p.m., while [working as] a correctional officer at the ... [penitentiary]..DAVIS. CROCKETT, was harrassed [sic], embarrassed and defamed when a visual body cavity search and body cavity search were made of him by fellow employees... who were acting in the course and scope of their employment with [the State].
3.
Both the visual body cavity search and body cavity search were in direction [sic] violation of the Correctional Officer Basic Training Manual, revised 7/10/95, of the Louisiana State Penitentiary Training Academy and specifically Department Regulation Number 30-25A, 15 December 1992.
4.
Both the visual body cavity search and body cavity search were conducted by non-medical personnel in direct violation of the regulations and was an intentional act of the employees and was done without just or probable cause and was done solely to humiliate, embarrass and defame petitioner, DAVIS CROCKETT.
5.
Petitioner, DAVIS CROCKETT, claims damages for the mental anguish suffered by him for said actions.
In response to Crockett's petition, the State filed a declinatory exception raising the objection of lack of subject matter jurisdiction and a dilatory exception raising the objection of prematurity. The State urged that the State Civil Service Commission ("the Commission") has exclusive jurisdiction over plaintiff's claim and that plaintiff's action was premature because he had not received a final ruling from the Commission. Following a hearing on the exceptions, the trial court signed a judgment granting the State's exceptions. Crockett has appealed.

II. ANALYSIS

A. Subject Matter Jurisdiction
Plaintiff-appellant asserts the Commission does not have the exclusive power to *1083 decide this case, contending the trial court has the authority to adjudicate this suit because it deals with the violation of his privacy rights rather than his removal from employment. Defendant-appellee urges this matter involves an employer-employee dispute, which is subject to the exclusive jurisdiction of the Commission, and that plaintiff's tort claims are being advanced in an attempt to circumvent the exclusive jurisdiction of the Commission.
Article X of the Louisiana Constitution grants legislative, executive, and judicial powers to the Commission. Section 10(A)(1) provides for the Commission's executive and legislative powers:
Powers. [The state civil service] commission is vested with broad and general rulemaking and subpoena powers for the administration and regulation of the classified service, including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; to adopt a uniform pay and classification plan; to require an appointing authority to institute an employee training and safety program; and generally to accomplish the objectives and purposes of the merit system of civil service as herein established....
The judicial authority of the Commission is granted in La. Const. Art. X, § 12, and is restricted to removal and disciplinary cases. This court has interpreted Article X of the Constitution as evidencing an intention to grant exclusive jurisdiction to the Commission in those areas where the Commission has exercised its "broad and general rulemaking" power. Hawkins v. State Through Department of Health and Hospitals, Office of Public Hospitals, 613 So.2d 229, 233 (La. App. 1st Cir.1992) (as modified on rehearing). If that jurisdiction were not exclusive, the orderly fashion of resolving employer-employee related disputes would be disrupted if employees were allowed to forum shop between the Commission and the courts. Strickland v. Office of the Governor, 525 So.2d 740, 743 (La.App. 1st Cir.), writ granted, 526 So.2d 1122, appeal dismissed, 534 So.2d 956 (La.1988).
The general thrust of the exclusive jurisdiction grant is to preclude district courts from having concurrent jurisdiction with the Commission over classified civil service employer-employee disputes that are essentially employment-related. If the action being challenged is a removal or disciplinary action, the Commission's exclusive jurisdiction is not defeated or circumvented by styling a suit as one in tort. Bass v. Department of Public Safety and Corrections, Louisiana State Penitentiary, 94-1974, p. 2 (La.App. 1st Cir.5/5/95); 655 So.2d 455, 456;[1]Foreman v. Falgout, 503 So.2d 517, 518-519 (La. App. 1st Cir.1986).[2]
However, constitutional provisions which delegate judicial authority to the Commission are narrowly construed since they are exceptions to the general rule that district courts have jurisdiction over all civil matters under La. Const. Art. V, § 16(A). Hawkins v. State Through Dept. of Health and Hospitals, 613 So.2d at 234. The Commission has no subject matter jurisdiction over tort cases and cannot award monetary damages for tortious behavior. Id.; Greenleaf v. DHH, Metropolitan Developmental Center, 594 So.2d 418, 425 (La.App. 1st Cir. 1991), writ denied, 596 So.2d 196 (La.1992).
*1084 The allegations of Crockett's petition do not establish that this case involves disciplinary action taken against Crockett or his removal from office. Thus, exclusive jurisdiction over this matter is not derived from La. Const. Art. X, § 12. Likewise, because the record before us does not establish that this dispute involves an area where the Commission has exercised its "broad and general rule-making" power, Article X of the Constitution does not necessarily confer exclusive jurisdiction over this matter even though it arises in an employment context. Crockett seeks solely to recover a monetary award for the alleged intentional tortious behavior. The Commission has no power to adjudicate such a claim. Based on the allegations of the petition, we cannot classify this suit as an effort to circumvent the Commission's exclusive jurisdiction.
Lack of subject matter jurisdiction is not apparent on the face of the plaintiff's petition. Therefore, the onus was on the defendant to offer evidence in support of its exception. La. C.C.P. art. 930. Since the defendant failed to do so, the trial court improperly granted the exception raising the objection of lack of subject matter jurisdiction. Hayden v. Schulte, 97-0422, pp. 9-10 (La.App. 4th Cir.10/29/97); 701 So.2d 1354, 1359 (quoting Morrison v. H.B. Mitchell Const. Co., 369 So.2d 1102, 1103 (La.App. 1st Cir.1979)), writ denied, 97-2941 (La.2/6/98); 709 So.2d 737. Accordingly, we reverse the judgment in that respect.

B. Prematurity
The State asserts that even if Crockett's action is outside the exclusive jurisdiction of the Commission, he must pursue and not abandon his civil service administrative remedy before bringing a tort action in district court. Since Crockett has not alleged that he has pursued his claim with the Commission and that it has issued a final ruling on the matter, the State alleges that Crockett's suit is premature.
We find no merit in this argument. Because the allegations of Crockett's petition set forth a tort claim and the Commission cannot grant the requested relief, Crockett cannot be required to have this matter addressed by the Commission before bringing his tort action in district court. When an exception of prematurity is brought on the ground that the plaintiff has failed to exhaust his administrative remedies, the exceptor has the burden of showing that an administrative remedy exists. Upon that showing, the burden shifts to the plaintiff to show that he has exhausted those remedies. Kenner Firefighters Ass'n Local No. 1427 v. City of Kenner, 96-361, pp. 5-6 (La.App. 5th Cir.11/14/96); 685 So.2d 265, 268. Based on the record which indicates no evidence was introduced, we find the State has not established the existence of a meaningful administrative remedy. See R.A.K. v. Board of Trustees of the State Employees Group Benefits Program, Department of Treasury, 558 So.2d 633, 635 (La.App. 1st Cir.1990). Thus, we reverse the judgment of the trial court granting the exception raising the objection of prematurity.

III. CONCLUSION
For the above reasons, the judgment of the trial court is reversed and this matter is remanded for further proceedings. The assessment of costs is to await a final determination of this matter.
REVERSED AND REMANDED.
NOTES
[1] In Bass, this court held the Commission had exclusive jurisdiction over an action in which a corrections officer sought to have the Commission enforce the provisions of a collective bargaining agreement. The employee asserted the Department of Public Safety and Corrections had breached a union contract after another employee was placed in a "favored assignment."
[2] In Foreman, a classified civil service employee filed suit against his superior, individually and in his official capacity, the state, and other non-governmental individuals alleging intentional interference with his employment when he was transferred from a higher to a lower classification within the state's Department of Health and Human Resources. This court affirmed the district court's judgment granting the defendants' exception raising the objection of lack of subject matter jurisdiction, finding the employee could not circumvent the exclusive jurisdiction of the Commission by filing the tort action.