STEWART, J.
 

 |, Carolyn Johnson filed a retaliatory discharge claim against her former employer, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, which operates LSU Health Sciences Center-Monroe, a/k/a E.A. Conway Medical Center (defendant referred to herein as “E. A. Conway”). Johnson’s claim was dismissed by a judgment granting the defendant’s exception of lack of subject matter jurisdiction. Motions for summary judgment filed by both parties were denied. Johnson now appeals the dismissal of her claim and the denial of her motion for summary judgment. We affirm.
 

 FACTS
 

 Johnson was employed as a Central Service Worker II, a classified civil service position, at E.A. Conway from November 24, 2003, until her termination on June 21, 2006. Her job duties included sterilizing medical instruments and cleaning after surgeries.
 

 In 2006, due to carpal tunnel pain in her wrists and hands, Johnson began wearing splints at work. E.A. Conway required Johnson to obtain medical certification verifying her need to wear splints while performing her job duties. From April 26, 2006, to May 2, 2006, Johnson took leave from work to obtain the medical certification. She returned to work with the form completed by Lowery Thompson, M.D. In answer to a question on the medical certification form asking whether Johnson had to wear a splint and how often, Dr. Thomson wrote, “Yes, always.” No other restriction was placed on Johnson’s ability to perform her job duties.
 

 |2On May 5, 2006, an issue arose as to whether Johnson’s condition required her to be placed on light duty. There is a dispute in the record as to whether Johnson insisted that her physician restricted her to light duty or whether her supervisor assumed she had to be on light duty. Nevertheless, Johnson’s supervisor, Russell Vallotton, told her that her position did not have light duty and sent her to see Jim Hardegree, the Assistant Director of Human Resource Management. Hardegree placed Johnson on provisional leave under the Family Medical Leave Act (“FMLA”), until it could be determined whether her condition met the FMLA’s serious medical
 
 *1044
 
 condition criteria. He gave her FMLA forms to complete and another medical certification form to be filled out by her physician. Johnson acknowledged receipt of these documents by signing a letter prepared by Hardegree. She then left work.
 
 [1]
 

 By letter dated May 30, 2006, Aryon McGuire, administrator of E.A. Conway, informed Johnson that he was considering terminating her employment due to job abandonment. McGuire’s letter stated that Johnson had not returned the FMLA forms and medical certification within 15 days as required by law and that she had not contacted her supervisor, department manager, or the human resources department since she left work on May 5, 2006. McGuire asked Johnson to respond within five working days of receipt of the letter to explain her side of the situation.
 

 |sJohnson did not respond. McGuire wrote to Johnson again on June 13, 2006, notifying her of termination of her employment for job abandonment, effective June 21, 2006.
 

 On July 16, 2006, Johnson filed two Form 1008 Disputed Claims for Compensation with the Office of Worker’s Compensation. One claim was for the carpal tunnel injury and had April 26, 2006, as the date of injury.
 
 [2]
 
 The second claim was for an injury which allegedly occurred on February 4, 2005, when an adhesive remover splashed into Johnson’s eyes. Though a letter dated June 16, 2006, was sent to the state’s Office of Risk Management stating that worker’s compensation claims had been filed and that Johnson should not be fired, Johnson did not contact McGuire or anyone at E.A. Conway to inform them that she had filed claims for worker’s compensation.
 

 Johnson mailed a letter to the Civil Service Commission (“CSC”) on June 17, 2006, complaining of harassment and mistreatment at E.A. Conway. On July 17, 2006, Johnson wrote again to the CSC to appeal her termination from E.A. Conway. She denied abandoning her job and claimed that her supervisor ordered her to go home because there was no light duty work for her. Johnson’s appeal was heard by a CSC referee on December 5, 2006, and a ruling was issued on January 24, 2007, upholding her termination for job abandonment. Johnson was notified that she had 15 calendar days in which to file for review of the ruling.
 

 |4The CSC received a letter from Johnson postmarked February 9, 2007, one day beyond the 15 calendar day appeal period. The CSC determined that Johnson’s request for review was untimely. Johnson took no further action to appeal her termination.
 

 Instead, Johnson filed this suit alleging retaliatory discharge in violation of La. R.S. 23:1361. She claimed that she did not abandon her job but was unable to work due to work-related injuries for which she was paid worker’s compensation
 
 *1045
 
 benefits. E.A. Conway responded with an exception of lack of subject matter jurisdiction and a motion for summary judgment. The exception was based on the exclusive jurisdiction granted to the CSC over all removal and disciplinary cases involving civil service workers. The motion for summary judgment was grounded on the fact that the decision to terminate Johnson’s employment was made before she filed claims for worker’s compensation. Johnson also filed a motion for summary judgment.
 

 On July 28, 2009, the trial court rendered a judgment granting E.A. Conway’s exception of lack of subject matter jurisdiction. Both parties’ motions for summary judgment were denied. Johnson now appeals.
 

 DISCUSSION
 

 Challenging the trial court’s grant of the exception of lack of subject matter jurisdiction, Johnson argues that the claim for retaliatory discharge is a tort action over which the district court has jurisdiction and that the CSC has no authority to award tort damages. She also argues that by filing an exception of lack of subject matter jurisdiction, E.A. Conway is trying to [^resurrect the dilatory exception of prematurity for failure to exhaust administrative remedies. Johnson asserts that E.A. Conway waived the dilatory exception when it filed its answer.
 

 E.A. Conway responds that while Johnson’s claim is styled as a tort, at issue is the basis for the termination of her employment. Such determinations fall within the exclusive jurisdiction of the CSC as provided by La. Const. Art. 10, § 12. The fact that Johnson did not take full advantage of the administrative remedies available to her does not vest the trial court with jurisdiction to hear a claim based on her removal. E.A. Conway asserts that the exception of lack of subject matter jurisdiction is an appropriate basis for dismissal of Johnson’s retaliatory discharge claim.
 

 La. Const. Art. 10, § 12 states, in relevant part:
 

 Section 12. (A) State. The State Civil Service Commission shall have the exclusive power and authority to hear and decide all removal and disciplinary cases, with subpoena power and power to administer oaths.
 

 Section 12(A) further provides that the decision by the referee appointed to hear a disciplinary or removal case may be reviewed by the CSC if an application for review is filed within 15 calendar days after the decision is rendered. If an application for review is not timely filed, the referee’s decision becomes the final decision of the CSC as of the date it was rendered. Additionally, the final decision may be reviewed by the court of appeal, if an application for review is filed with the CSC within 30 calendar days after the decision becomes final. La. Const. Art. 10, § 12(A).
 

 Jurisprudence has interpreted La. Const. Art. 10 as “evidencing an intention to grant exclusive jurisdiction to the Civil Service Commission in | fithose areas where the commission has exercised its ‘broad and general rule-making’ power.”
 
 Akins v. Housing Authority of New Orleans,
 
 2003-1086, p. 2 (La.App. 4th Cir.9/10/03), 856 So.2d 1220, 1222,
 
 unit denied,
 
 2003-2781 (La.12/19/03), 861 So.2d 574;
 
 Crockett v. State Through Dept. of Public Safety and Corrections (Louisiana State Penitentiary, Angola),
 
 1997-2528, p. 4 (La.App. 1st Cir.11/6/98), 721 So.2d 1081, 1083;
 
 Hawkins v. State, Through Dept. of Health and Hospitals, Office of Public Hospitals,
 
 613 So.2d 229, 233 (La.App. 1st Cir.1992);
 
 Strickland v. State, through Office of the Governor,
 
 525 So.2d 740, 743 (La.App. 1st
 
 *1046
 
 Cir.1988),
 
 writ granted,
 
 526 So.2d 1122 (La.1988),
 
 appeal dismissed,
 
 534 So.2d 956 (La.1988). This means that the CSC exercises exclusive jurisdiction over employment-related disputes between classified civil service employers and employees.
 
 Akins v. Housing Authority of New Orleans, supra.
 

 The thrust of the grant of exclusive jurisdiction over employment-related disputes between employers and employees in civil service is to preclude the district court from having concurrent jurisdiction with the CSC over such disputes.
 
 Crockett, supra; Foreman v. Falgout,
 
 503 So.2d 517 (La.App. 1st Cir.1986). However, the constitutional provisions which delegate judicial authority to the CSC are exceptions to the general rule that district courts’ have jurisdiction over all civil matters; therefore, the provisions delegating jurisdiction to the CSC over removal and disciplinary actions are to be narrowly construed.
 
 Crockett, supra; Hawkins v. State Through Dept, of Health and Hospitals, supra.
 
 For instance, the CSC has |7no subject matter jurisdiction over tort cases and cannot award general monetary damages.
 
 Crockett, supra.
 
 But the CSC’s exclusive jurisdiction to hear and decide removal and disciplinary cases cannot be circumvented or defeated by styling a removal or disciplinary matter as a tort suit.
 
 Crockett, supra; Foreman v. Falgout, supra.
 

 Johnson cites
 
 Sampson v. Wendy’s Management, Inc.,
 
 593 So.2d 336 (La. 1992), which held that a retaliatory discharge action under La. R.S. 23:1361 is a tort action within the district court’s jurisdiction. (See also
 
 Hebert v. Louisiana Dept. of Transportation and Development,
 
 630 So.2d 318 (La.App. 5th Cir.1993), an appeal from a hearing officer ruling on a claim for worker’s compensation benefits in which the court determined that a retaliatory discharge claim under R.S. 23:1361 must be brought in district court and not as part of a worker’s compensation proceeding.)
 

 The fact that Johnson styled her suit as one for retaliatory discharge does not end the inquiry into whether the district court has subject matter jurisdiction over her claim. La. Const. Art. 5, § 16 gives the district court original jurisdiction over all civil and criminal matters, “[e]x-cept as authorized by this constitution.” On such exception is provided by La. Const. Art. 10, § 12, which as discussed, vests the CSC with jurisdiction over removal and disciplinary cases that are employment-related matters between civil service employers and employees. Though styled as a retaliatory discharge suit, Johnson’s claim concerns the legality of her removal from E.A. Conway for job abandonment. This is an employmentjre-lated8 issue over which the CSC exercises exclusive jurisdiction as provided in the state constitution.
 

 Hillard v. Housing Authority of New Orleans,
 
 436 So.2d 685 (La.App. 4th Cir. 1983), is similar to this matter. Hillard, a classified civil service employee with the Housing Authority of New Orleans (“HANO”), was terminated from employment after being injured on his job. He filed suit in district court alleging retaliatory discharge in violation of La. R.S. 23:1361. HANO filed an exception of lack of subject matter jurisdiction, which was sustained by the trial court and affirmed on appeal based on the exclusive power and authority vested in the CSC to hear and decide removal and disciplinary disputes between civil service employers and employees. The appellate court rejected Hillard’s argument that the authority of the CSC would not be impinged if he were allowed to pursue his suit for damages in district court. Instead, the court held that
 
 *1047
 
 Hillard had to first exhaust his remedies by successfully appealing his dismissal to the CSC before bringing an action for damages in district court.
 

 The
 
 Hillard
 
 court cited
 
 Peete v. Scheib,
 
 156 So.2d 280 (La.App. 4th Cir.1963),
 
 writ refused,
 
 245 La. 90, 157 So.2d 233 (1963), in which the plaintiffs mandamus action to compel payment of lost wages due to a suspension from his civil service job was dismissed on exceptions of no cause of action and no right of action. Even though the CSC did not have power to render a money judgment, the court held that the plaintiff had to first obtain a CSC ruling that the suspension was illegal before he could bring an action in district court. The court reasoned that because the district court did not 19have concurrent jurisdiction with the CSC, it could not review the legality of the suspension.
 

 Hillard, supra,
 
 and
 
 Peete, supra,
 
 indicate that a civil service employee must first successfully challenge his termination with the CSC before he can pursue damages or a money judgment in district court. Otherwise, the district court would have concurrent jurisdiction over matters that are specifically assigned to the exclusive jurisdiction of the CSC.
 

 Also analogous to the matter at hand is
 
 Reimer v. Medical Center of Louisiana at New Orleans,
 
 1995-2799 (La.App. 4th Cir.1/29/97), 688 So.2d 165. After being injured at work, Reimer was terminated for failure to meet the attendance requirements of his employer. Instead of appealing his termination before the CSC, he filed suit in district court alleging retaliatory discharge and disability discrimination. The employer excepted for lack of subject matter jurisdiction. The trial court overruled the exception, the appellate court reversed on a writ grant, and the supreme court granted writs and remanded for briefing and argument before the appellate court.
 

 In its opinion after remand, the Fourth Circuit held that the district court lacked subject matter jurisdiction over Reimer’s claim based on the exclusive jurisdiction granted the CSC to review the removal of a civil service employee. Reimer argued that the CSC’s jurisdiction did not extend to his discrimination claim, that the district court had concurrent jurisdiction over his claims, and that his claim for a money judgment was beyond the authority of the CSC. Rejecting Reimer’s arguments, the court stated:
 

 1 ipMr. Reimer claims that he is a civil servant whose removal was wrongful and not for the reason stated. That his petition makes reference to other statutes does not change the nature of his claim.
 
 The authority to review the basis for a termination of a civil servant’s employment and decide whether it was in accordance with the law is expressly and unambiguously assigned to the CSC, subject to the tight of judicial review, in Section 12(A) of Article X.
 

 (Emphasis added.)
 
 Id.,
 
 95-2799 p. 4, 688 So.2d at 168.
 

 The court also noted that Reimer’s removal was at the heart of his suit. So, in order for him to be entitled to damages, it had to first be determined that he was unlawfully discharged from employment. The court noted that though the CSC could not “award general tort damages, such as for injury to reputation or an invasion of privacy,” it could award costs, attorney fees, and back pay, and it could restore all benefits and emoluments of office.
 
 Id.,
 
 95-2799 p. 6-7, 688 So.2d at 169. If Reimer was not then fully compensated, he could assert his claim in district court.
 

 Johnson refers to
 
 Hillard, supra,
 
 and
 
 Reimer, supra,
 
 as cases that “stand alone” and urges this court to follow
 
 McCain v.
 
 
 *1048
 

 City of Lafayette,
 
 98-1902 (La.App. 3d Cir.5/5/99), 741 So.2d 720,
 
 writ denied,
 
 1999-1578 (La.9/17/99), 747 So.2d 563,
 
 cert. denied,
 
 538 U.S. 1118, 120 S.Ct. 939, 145 L.Ed.2d 817 (2000), which Johnson describes as holding that civil service workers do not have to pursue their tort claims arising from an alleged wrongful termination before the CSC, which has no power to award damages. In fact,
 
 McCain, supra,
 
 appears to stand alone in its interpretation of the judicial authority granted the CSC.
 
 [3]
 

 |nIn
 
 McCain, supra,
 
 McCain’s employment was terminated due to poor work evaluations. After he unsuccessfully appealed before the Lafayette Municipal Government Employees Civil Service Board, he filed suit alleging age discrimination.
 
 [4]
 
 The city filed a motion for summary judgment in which it argued, in part, that the district court lacked jurisdiction to hear the age discrimination claim, which McCain had failed to raise before the civil service board. McCain argued that the district court had jurisdiction because the age discrimination statute provided for damages which the civil service board had no power to award. Ruling in favor of the city, the trial court determined that McCain could not for the first time raise his age discrimination claim in district court when the city civil service board had exclusive original subject matter jurisdiction over all removal and disciplinary cases.
 

 |12On McCain’s appeal, the Third Circuit recognized that his removal was at the heart of his age discrimination suit and that while the civil service board should be able to determine whether age discrimination was the cause of a wrongful removal, it was powerless to award tort damages. The court expressed concern that a claim for damages might prescribe if a claimant was first required to appeal his removal to the civil service board and then seek further review of an adverse decision before filing a tort suit. The court concluded that the civil service board does not have exclusive jurisdiction over cases wherein it has no power to grant the remedy sought, such as tort damages. While the court reversed summary judgment as to McCain’s claim for general tort damages, it affirmed summary judgment in favor of the city as to that part of McCain’s age discrimination
 
 *1049
 
 claim seeking compensation for loss of leave time and other benefits that could have been awarded by the civil service board.
 
 [5]
 

 Essentially, the
 
 McCain
 
 decision gives short shrift to the concept of “exclusive jurisdiction” by rewriting the law to provide concurrent jurisdiction between the civil service board and the district court over civil service removal actions depending on what damages are claimed. However, La. Const. Art. 10, § 12 does not base the CSC’s “exclusive power and authority to hear and decide all removal and disciplinary cases” on what damages are alleged by the aggrieved party. As expressed in
 
 Reimer, supra,
 
 |isthe state constitution expressly and unambiguously assigns to the CSC the authority to review the removal of a civil service employee and decide whether the removal accorded with the law.
 

 Johnson also cites
 
 Moore v. Board of Supervisors of LSUMC,
 
 559 So.2d 548 (La. App. 2d Cir.1990), as a case which she describes as reversing a judgment sustaining an exception of lack of subject matter jurisdiction and recognizing that the CSC does not have jurisdiction over tort actions. Johnson’s reliance on
 
 Moore, supra,
 
 is misplaced.
 

 In
 
 Moore, supra,
 
 the plaintiff appealed her termination to the CSC seeking reinstatement and back pay. While the CSC appeal was pending, she filed a defamation action seeking damages in district court. The trial court dismissed the defamation action for lack of subject matter jurisdiction. Moore appealed the dismissal. In the meantime, the CSC reversed her removal. Though this court reversed the dismissal of Moore’s defamation claim, it did so while recognizing that Moore, a civil service employee, could not pursue her tort claim without first pursuing and not abandoning the civil service remedies. In reaching this decision, the court cited
 
 Hil-lard, supra.
 
 On the record before it, which apparently included information that the CSC had ruled in favor of Moore, the court determined that it could not affirm the lower court’s ruling and dismissal of Moore’s action with prejudice. The matter was remanded to allow Moore to amend her petition to allege the outcome of the CSC proceedings and to more particularly allege the factual basis of her defamation claim.
 
 [6]
 
 Notably, the defamation | ^allegations involved statements allegedly made by coworkers as part of a conspiracy to get Moore fired.
 

 Contrary to Johnson’s argument, the
 
 Moore
 
 decision clearly supports the trial court’s judgment. A claim for damages based on the alleged wrongful removal of a civil service employee cannot be asserted in district court without first
 
 *1050
 
 successfully appealing the removal before the CSC. Johnson’s appeal before the CSC was not successful, and she abandoned the civil service remedies available to her by failing to timely appeal the referee’s ruling. As a result, the CSC’s ruling is a final judgment on the legality of her removal by E.A. Conway for job abandonment. Johnson cannot now avoid the CSC’s adverse ruling and circumvent the exclusive jurisdiction of the CSC to review and decide her removal case by alleging in district court a different ground for her removal, namely retaliatory discharge for filing a worker’s compensation claim. Notably and inexplicably, Johnson failed to raise this defense before the CSC even though she was represented by counsel. While we are sympathetic to Ms. Johnson’s situation, she had the opportunity to appeal her removal before the CSC as provided by La. Const. Art. 10, § 12. Unfortunately for her, the appeal was not successful. It having been determined by the CSC that her | ^removal was proper, the district court lacks jurisdiction to review her removal so as to award damages under La. R.S. 23:1361.
 
 [7]
 

 We find no merit to Johnson’s argument that the issue is really one of prematurity and that E.A. Conway waived the dilatory exception by answering the petition. As explained above, the CSC has exclusive jurisdiction over removal cases involving civil service employees. The reason for Johnson’s removal by E.A. Conway is precisely the issue presented in this retaliatory discharge action, and this determination is reserved to the exclusive jurisdiction of the CSC.
 

 Because we find that the exception of lack of subject matter jurisdiction was properly granted, we need not address the remaining assignment of error concerning the trial court’s denial of Johnson’s motion for summary judgment.
 

 CONCLUSION
 

 For the reasons explained, the judgment of the trial court is affirmed. Costs of appeal are assessed to the appellant.
 

 AFFIRMED.
 

 [1]
 

 . In her brief, Johnson contends that E.A. Conway acted inappropriately in placing her on FMLA leave for a work-related injury. However, federal regulations suggest that an illness that entitles one to worker’s compensation benefits may also qualify as a serious health condition under the FMLA and that worker's compensation absence, when available, and FMLA leave may run concurrently. See 29 C.F.R. § 825.702(d)(2). For further information on the relationship between worker’s compensation absences and FMLA leave see 29 C.F.R. § 825.207(e) and other regulations cited therein.
 

 [2]
 

 . The record indicates that Johnson received a Notice of Payment of worker’s compensation benefits on September 26, 2006. The Notice of Payment indicated that she would begin receiving weekly payments for the carpal tunnel injury effective as of April 26, 2006.
 

 [3]
 

 . In the recent case of
 
 Williams v. Orleans Levee District et al.,
 
 2009-0003 (La.App. 4th Cir. 11/4/09), 24 So.3d 307, the plaintiff appealed his termination to the CSC. While that proceeding was pending, he filed suit in district court alleging the torts of defamation, false imprisonment, and intentional infliction of emotional distress as well as claims of racial discrimination, discriminatory employment practices, and violations of his civil rights and whistleblower protections. After a final decision in the CSC proceeding finding that Williams's termination for insubordination was lawful, his former employer, the levee board, filed an exception of res judicata in the district court suit. The trial court denied the exception as to the tort claims but granted the exception as to the claims alleging racial discrimination, discriminatory employment practices, whistleblower violations, and civil rights violations. The fourth circuit affirmed. The basis of Williams's termination was the central issue in these four claims. The claims had been reviewed and rejected by the CSC. The opinion makes clear that the authority to review the reasons for a civil service employee's termination and determine whether it was lawful is unambiguously assigned to the CSC pursuant to its exclusive jurisdiction over removal matters.
 

 Here, too, the basis for her termination is the central issue in Johnson's retaliatory discharge suit. This issue concerning the reason for Johnson’s removal by E.A. Conway is one over which the CSC has been granted exclusive power and authority to hear and decide.
 

 [4]
 

 . La. Const. Art. 10, § 12(B) grants city civil service commissions the exclusive power and authority to hear and decide all removal and disciplinary cases involving city civil service employees.
 

 [5]
 

 . Even though the appellate court reversed part of the summary judgment dismissing McCain’s suit for lack of subject matter jurisdiction, it ultimately affirmed the dismissal of McCain’s suit on summary judgment for other grounds. McCain did not prove the existence of a genuine issue of material fact on the merits of his age discrimination claim.
 

 [6]
 

 . Contrast with
 
 Crockett, supra,
 
 wherein the plaintiff filed suit for mental anguish damages after being subjected to a body cavity search by coworkers. The trial court granted the state's exceptions of prematurity and lack of subject matter jurisdiction. The appellate court reversed. Narrowly construing the constitutional grant of jurisdiction to the CSC, the court determined that Crockett was not challenging either a removal or a disciplinary action. The CSC had no jurisdiction over his claim for damages due to intentionally tor-tious conduct. He did not have to pursue his claim with CSC before filing the tort suit in district court.
 

 Here, Johnson’s claim for retaliatory discharge does directly address the reason for her removal by E.A. Conway.
 

 [7]
 

 . Under La. R.S. 23:1361 (C), an employee who proves that he was discharged because he asserted a claim for worker's compensation benefits is entitled to recover as a penalty up to one year's earnings, with reasonable attorney’s fees and court costs.
 

 If the CSC determines that a civil service employee’s removal was unlawful, the wronged civil service employee may be reinstated to employment with full pay for his lost time, restored to benefits and emoluments of office, and awarded costs and attorney fees. See Civil Service Rules 13.26, 13.28, and 13.35;
 
 Christoffer v. Department of Fire,
 
 1998-2408 (La.5/18/99), 734 So.2d 629;
 
 and Rainier, supra.