875 So.2d 102 (2004)
Sean Joseph SIMON
v.
BOARD OF COMMISSIONERS OF the PORT OF NEW ORLEANS, et al.
No. 2004-C-0368.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 2004.
Joseph W. Fritz, Jeffery M. Lynch, New Orleans, LA, for Relator (Board of Commissioners of the Port of New Orleans).
Paula A. Perrone, Chehardy, Sherman, Ellis, Breslin, Murray & Recile, LLP, Metairie, LA, for Respondent (Sean Joseph Simon).
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge MICHAEL E. KIRBY, Judge DAVID S. GORBATY).
MICHAEL E. KIRBY, Judge.
The relators, the Board of Commissioners of the Port of New Orleans ("Dock Board"), the Harbor Police Department ("HPD"), and the HPD Chief Robert Hecker ("Chief Hecker"), seek supervisory review of the trial court's overruling of their exception of no cause of action based on lack of subject matter jurisdiction.
On December 5, 2001, the plaintiff, Officer Sean Simon, filed a petition for damages against relators arising out the termination of his employment with the HPD and the refusal of the New Orleans Police Department ("NOPD") to employ him as a police officer. After a hearing on the relators' first exception of no cause of action *103 based on lack of subject matter jurisdiction, the trial court allowed Officer Simon to amend his petition to state a cause of action.[1] On May 9, 2002, Officer Simon filed his first amended petition; and on August 29, 2003, he filed his second amended petition.
On February 12, 2003, the relators filed their second exception of no cause of action based on lack of subject matter jurisdiction. On March 27, 2003, Officer Simon mailed[2] his opposition to the exception. On August 28, 2003, Officer Simon mailed his supplemental memorandum in opposition to the relators' exception. On September 12, 2003, the exception was heard, and the trial court overruled the exception in open court. On February 6, 2004, the trial court signed a judgment overruling the exception.
The relators offer the following as undisputed facts. On December 6, 2000, Officer Simon, who had been an officer with the HPD for several years, submitted his written resignation to the appointing authority. He stated that he was resigning to seek employment as a police officer with the NOPD. The appointing authority accepted his resignation; and the relators claim that it became final upon acceptance pursuant to Civil Service Rule 6.7. The next day, Officer Simon presented himself to the NOPD to be hired as a police officer, but the NOPD refused to hire him. Officer Simon returned to the HPD and requested that his resignation be rescinded. The appointing authority, however, told him that his resignation had been formally accepted as voluntary and that it could no longer be withdrawn.
Officer Simon made the following allegations of fact in his petitions. Prior to December 6, 2000, he secured a position with the NOPD. He alleged that all insurance forms and appointment letters had been completed by November 23, 2000, that his background check had been successfully completed, and that his start date was initially scheduled to be on or about December 18, 2000.
Officer Simon further alleged that on December 6, 2000, Captain Kevin Newman and Captain Larry Toney of the HPD went to Officer Simon's home and told him that a citizen had made a complaint against him. Officer Simon alleged that Captain Newman told him he had to choose immediately between being terminated and resigning. If he resigned, the citizen complaint would not be revealed to anyone inquiring about his work history. Officer Simon claims he asked for time to consult with an attorney, but the captains reiterated that he had to choose immediately or termination proceedings would commence. Officer Simon alleged that the captains knew of his new employment with the NOPD and that the captains suggested he resign so he would not jeopardize his new position with the NOPD. The captains allegedly told him that if he resigned, he could remain on sick leave with pay through December 14, 2000. Officer Simon alleged that he elected to resign based on the representations of the captains and admitted that he executed the necessary paperwork evidencing his resignation.
Officer Simon further alleged that on December 13 or 14, 2000, he contacted Lieutenant Bernadette Kelly at the NOPD *104 to confirm his start date and that she informed him that an anonymous phone call had been received by the NOPD notifying them that Officer Simon had resigned from the HPD for reasons other than those he gave the NOPD. She informed Officer Simon that his services would not be needed and that he no longer had a position with the NOPD. On December 14, 2000, Officer Simon attempted to retract his resignation from the HPD but was informed that his resignation had been accepted and was final.
Officer Simon alleged the following causes of action in his petitions: constructive discharge; hostile work environment; "false light" invasion of privacy; defamation; negligent supervision; tortious interference with employment contract; unfair trade practices; breach of implied covenant of good faith; intentional infliction of emotional distress; and violation of due process. Officer Simon seeks monetary damages in tort and reinstatement, with back pay, to his position with the HPD.
The relators argue that the trial court erred in overruling its exception of no cause of action based on lack of subject matter jurisdiction because civil service employment matters, such as that brought by Officer Simon, are exclusively heard by appeal to the Civil Service Commission. La. Const. Art. 10 (1974). Officer Simon filed an opposition to the writ application, arguing that the Civil Service Commission does not have jurisdiction over tort cases nor can it award monetary damages for tortious conduct.
When ruling on an exception of no cause of action, a court may only consider the four corners of the petition itself, and not extrinsic evidence. La. C.C.P. art. 931. Review of a trial court's decision on an exception of no cause of action is de novo "because the exception raises a question of law and the lower court's decision is based only on the sufficiency of the petition." City of New Orleans v. Board of Comm'rs of Orleans Levee Dist., 93-0690, p. 28 (La.7/5/94), 640 So.2d 237, 253.
This Court recently discussed the jurisdiction of the Civil Service Commission in Akins v. Housing Authority of New Orleans, XXXX-XXXX (La.App. 4 Cir. 9/10/03), 856 So.2d 1220, writ denied, 2003-2781 (La.12/19/03), 861 So.2d 574, and stated:
It is well established in our jurisprudence that the Civil Service Commission has exclusive jurisdiction over classified civil service employer-employee disputes that are employment related. La. Const. art. 10 sec. 10(A)(1); Eberhardt v. Levasseur, 630 So.2d 844 (La.App. 4 Cir.1993). Article 10 provides as follows:
Section 10. (A) Rules (1) Powers.
[The state civil service] commission is vested with broad and general rulemaking and subpoena powers for the administration and regulation of the classified service, including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; to adopt a uniform pay and classification plan; to require an appointing authority to institute an employee training and safety program; and generally to accomplish the objectives and purposes of the merit system of civil service as herein established. It may make recommendations with respect to employee training and safety.
Our courts have interpreted article 10 of the Constitution as evidencing an intention *105 to grant exclusive jurisdiction to the Civil Service Commission in those areas where the Commission has exercised its "broad and general rule-making" power. Hawkins [v. State ex rel. Dept. of Health and Hospitals, 613 So.2d 229 (La.App.1 Cir.1992) ]. As stated by the First Circuit court in Strickland v. Office of the Governor, 525 So.2d 740, 743 (La.App. 1 Cir.1988), if that jurisdiction were not exclusive, the orderly fashion of resolving employeremployee related disputes would be disrupted if employees were allowed to forum shop between the Civil Service Commission and the courts. The general thrust of the exclusive jurisdiction grant is to preclude district courts from having concurrent jurisdiction with the Civil Service Commission over classified civil service employer-employee disputes that are essentially employment-related. Crockett v. State Through Department of Safety and Corrections, 97-2528 (La. App. 1 Cir. 11/6/98), 721 So.2d 1081.
Akins, XXXX-XXXX, p. 2-3, 856 So.2d 1220, 1221-1222.
In the instant case, the allegations of Officer Simon's petition clearly establish that this case is an employment-related matter involving the circumstances of his resignation, which he characterized as a "wrongful termination." In his prayers for relief, he requested back pay and the reinstatement of the emoluments of employment with the HPD in addition to damages based on various tort claims. The inclusion of tort claims in his petition does not change the nature of his claim. Reimer v. Medical Center of Louisiana at New Orleans, 95-2799 (La.App. 4 Cir. 1/29/97), 688 So.2d 165.
In Reimer, a discharged civil service employee filed suit for retaliatory discharge and discrimination based upon a handicap or disability. This Court rejected the plaintiff's contention that subject matter jurisdiction existed in the trial court because his action had a specific statutory basis in La.R.S. 46:2254 and La. R.S. 51:2242. This Court stated:
Mr. Reimer claims that he is a civil servant whose removal was wrongful and not for the reason stated. That his petition makes reference to other statutes does not change the nature of his claim. The authority to review the basis for a termination of a civil servant's employment and decide whether it was in accordance with law is expressly and unambiguously assigned to the CSC, subject to the right of judicial review, in Section 12(A) of Article X.
Reimer, 95-2799, p. 4, 688 So.2d at 168 (internal citation omitted; emphasis added).
In contrast, the plaintiff in Landrum v. Board of Commissioners of the Orleans Levee District, 95-1591 (La.App. 4 Cir. 11/27/96); 685 So.2d 382, a police officer who voluntarily resigned,[3] brought an employment-based tort suit in district court. He alleged, inter alia, that the Orleans Levee Board's board members and/or unnamed employees improperly divulged the drug test results to the public, giving rise to his claims for intentional or negligent infliction of emotional distress, defamation and invasion of privacy. The trial court overruled the employer's exception *106 of subject matter jurisdiction. On appeal, this Court affirmed the finding of subject matter jurisdiction, concluding that the plaintiff had no claim against his employer arising from his previous suspension or removal due to his voluntary resignation. Landrum, 95-1591, pp. 4-5; 685 So.2d 382, 387.
The fact that the plaintiff in the instant case seeks tort damages does not necessarily confer jurisdiction on the trial court. In Reimer v. Medical Center of Louisiana at New Orleans, supra, this Court stated:
Mr. Reimer is correct that the CSC cannot award general tort damages, such as for injury to reputation or an invasion of privacy. See, e.g., Greenleaf v. DHH, Metropolitan Developmental Center, 594 So.2d 418 (La.App. 1st Cir. 1991), writ denied, 596 So.2d 196-97 (La. 1992), and cases cited therein. The CSC could, however, in addition to an award of costs and attorney fees, award back pay and order that all benefits and emoluments of office be restored to Mr. Reimer. Blappert v. Department of Police, 94-1284, pp. 6-7 (La.App. 4th Cir.12/15/94), 647 So.2d 1339, 1343. If such an award would be inadequate to fully compensate Mr. Reimer for the harm suffered, he then could assert his claim in Civil District Court. Hillard [v. Housing Authority of New Orleans'], 436 So.2d [685] at 687 [(La.App.4 Cir. 1983)].
Id., pp. 6-7, 688 So.2d at 169.
Considering the writ application and the response thereto, we find that the trial court erred in overruling the relators' exception of no cause of action based on lack of subject matter jurisdiction. This writ application is granted, the trial court judgment is reversed, relators' exception of no cause of action is maintained and plaintiff's suit is dismissed with prejudice.
REVERSED AND RENDERED.
ARMSTRONG, C.J., concurs with reasons.
ARMSTRONG, C.J., concurs with reasons.
I respectfully concur in the majority opinion. The Reimer case is controlling and requires reversal of the trial court's denial of the exception raising the lack of subject matter jurisdiction.
NOTES
[1] This procedural history was provided by the parties and confirmed by the trial court at the hearing on the second exception of no cause of action, which was heard on September 12, 2003.
[2] The application contains copies of the oppositions without clerk's stamps.
[3] The police officer in Landrum was initially terminated due to the results of a drug test. He appealed his termination to the Civil Service Commission, but the parties reached an agreement wherein the employer reinstated the plaintiff, provided back pay and benefits, and removed the record of the disciplinary action from his personnel file. In exchange, the plaintiff resigned from his position.