DAVID S. GORBATY, Judge.
11 This is an appeal from the judgment of the trial court dismissing a rule for possession filed by the Housing Authority of New Orleans (HANO). For the reasons assigned, we reverse and remand.

FACTS AND PROCEDURAL HISTORY

On December 12, 2003, defendant/appel-lee, Eddie Lee Graham (Graham), leased a public housing apartment at 624 N. Galvez Street from HANO. Graham and her three children (collectively “Grahams”) resided in the apartment. On November 30, 2004, HANO filed a rule for possession seeking to evict Graham and her household based on an allegation that the Grahams harbored a wanted fugitive, namely, David Smith, wanted for attempted murder of a police officer, simple escape, possession of stolen property and narcotics charges, and later apprehended and arrested in Graham’s apartment on June 9, 2004.[1]
*675 HANO maintained that the harboring of a fugitive was a violation of section XIV(a)(9) and (10) of Graham’s lease agreement. The pertinent provisions of section XIV state:
In terminating the Lease, the following provisions shall be followed by the Authority and Tenant:
* *
(a) This Lease may be terminated only for serious or repeated violations of material terms of the Lease.... Such serious or repeated violation of terms shall include but not be limited to:
(9) Criminal or other activity by a member of the household that threatens the health or safety of other public housing residents or of persons residing in the immediate vicinity of the premises; or
(10) Criminal activity by a member of the household that threatens the health or safety of HANO management staff, other residents or employees, or any drug-related criminal activity on or off the premises.
In response, Graham filed an exception of no cause of action. In support of the exception, Graham argued that she was not home at the time David Smith was apprehended in her apartment. Graham further argued that David Smith had been dating her daughter, Latasha, for only two weeks and that her daughter did not know David Smith was in the apartment at the time of his arrest.
The matter was heard on April 1, 2005. HANO presented the testimony of New Orleans police officer, Troy Smith (“Officer Smith”). Officer Smith testified that he assisted in the apprehension and arrest of David Smith on a tip from residents in the Lafitte housing project. Officer Smith and other officers, including Sergeant Mike Spuzzito (“Spuzzito”), were allowed entry into the apartment by one of Graham’s daughters. Officer Smith stated that when Spuzzito asked for David Smith, one of the daughters reported David Smith was upstairs; and David Smith was indeed found upstairs hiding under a bed.
The record reflects that none of the Grahams testified. Graham’s attorney, however, argued the following: 1) David Smith was at Graham’s apartment from 3:30 a.m. until 5:30 or 6:00 a.m. on the morning of his arrest; 2) none of the Grahams knew that the police were looking for David Smith; 3) David Smith returned around 9:30 a.m., but was refused entrance to the apartment; 4) none of |3the Grahams knew that David Smith had returned before the police arrived at the apartment and had actually gained entrance to the apartment; and finally, 5) David Smith must have been allowed to re-enter the apartment by one of many children who had access to the apartment that day.
After the testimony of Officer Smith (the only person to testify at the hearing), the exception of no cause of action was granted. In ruling, the trial judge stated: “[Cjourt is going to go ahead and grant the exception. No cause of action. If the police thought that these people were harboring fugitives, they would have booked them and charged them with that.” The trial court further stated that HANO had no right to go to trial because it could not prove its case.
A judgment dismissing HANO’s rule for possession was signed on April 4, 2005. HANO’s timely appeal followed.

DISCUSSION

In order to defend against the exception, the trial court allowed HANO to present the testimony of Officer Troy Smith, who *676 apparently had been present in the courtroom to testify at the trial. It is well settled that when ruling on an exception of no cause of action, a court may only consider the four corners of the petition itself, and not extrinsic evidence. La. C.C.P. art. 931; Simon v. Board of Commissioners of the Port of New Orleans, 04-0368, p. 4 (La.App. 4 Cir. 5/12/04), 875 So.2d 102, 104. Thus, the trial court erred in taking evidence before ruling on the exception.
A review of HANO’s rule for possession and attached notice to vacate reveals that HANO stated a cause of action sufficient to proceed to a trial on the merits. The arguments put forth by the parties at the hearing, as well as the testimony of Officer Smith, all concerned whether HANO could prove the grounds 14it alleged to terminate the lease and whether the defendant had a viable affirmative defense. Therefore, we find that the trial court erred in granting the exception of no cause of action and entering a judgment in favor of the defendant on April 1, 2005, thereby dismissing HANO’s rule for possession with prejudice.

CONCLUSION

Accordingly, for the foregoing reasons, the judgment of the trial court is reversed. We set aside and vacate the judgment and remand this matter to the trial court for a trial on the merits.

REVERSED AND REMANDED.

ARMSTRONG, C.J., concurs in the result.

. David Smith was ultimately convicted of the attempted murder of a New Orleans police *675 officer. He is currently serving a thirty-year sentence.