947 So.2d 805 (2006)
Latasha FOUCHA
v.
DEPARTMENT OF POLICE.
No. 2006-CA-0860.
Court of Appeal of Louisiana, Fourth Circuit.
December 20, 2006.
Gary M. Pendergast, Gary M. Pendergast, L.L.C., New Orleans, LA, for Plaintiff/Appellant.
James B. Mullaly, Assistant City Attorney, Joseph V. DiRosa, Jr., Chief Deputy City Attorney, Penya M. Moses-Fields, City Attorney, New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge CHARLES R. JONES, Judge PATRICIA RIVET MURRAY, Judge EDWIN A. LOMBARD).
PATRICIA RIVET MURRAY, Judge.
A former permanent classified civil service employee of the New Orleans Police Department ("NOPD"), Latasha Foucha,[1] appeals from a decision by the Civil Service Commission of the City of New Orleans (the "Commission") dismissing her appeal. Agreeing with the NOPD (the Appointing Authority) that Ms. Foucha has no right of appeal, the Commission dismissed the appeal. For the reasons that follow, we affirm.

*806 FACTUAL AND PROCEDURAL BACKGROUND
On August 27, 2005, the day before Hurricane Katrina struck the New Orleans area, Superintendent Edwin P. Compass, III, placed the NOPD on alert. As a result, all essential department personnel were required to contact their commander for reporting instructions and to report for duty as instructed. Although Ms. Foucha was an essential personnel,[2] she failed to report.[3]
On September 15, 2005, Superintendent Compass placed all essential personnel who had failed to report on emergency suspension pending an investigation for job abandonment. On October 1, 2005, Ms. Foucha resigned for personal reasons.[4] Due to her resignation, the NOPD terminated its investigation into whether she abandoned her position. However, it designated in the Public Integrity Bureau ("PIB") records that she resigned under investigation ("RUI").[5] On October 24, 2005, the PIB issued a report concluding that Ms. Foucha abandoned her position. The PIB report states that Ms. Foucha "was absent and/or abandoned her official duties related to the Hurricane Katrina Disaster without command level authorization and has not returned to duty as of Thursday, September 29, 2005."
On December 19, 2005, Ms. Foucha filed an appeal. In her letter of appeal, she represents that "with the permission of the Department, [she] left New Orleans, prior to Hurricane Katrina, to care for her three children" and that her husband, who was also a NOPD officer, stayed in the city and worked throughout the hurricane. She further represents that on December 15, 2005, she applied for a position with an Ohio law enforcement agency and was informed that she was unemployable because she was under investigation by the NOPD for abandoning her position. She requests that any investigation remaining on her record be brought before the Commission. She also requests that the Commission review any action that has previously been taken against her by the NOPD.
Following a hearing, the Commission granted the NOPD's motion for summary disposition and dismissed Ms. Foucha's appeal. *807 In so doing, the Commission in its judgment reasoned as follows:
No disciplinary action was taken against the Appellant [Ms. Foucha] nor has the Appellant cited the Commission to any violation of its Rules. The remedy sought by the Appellant, namely the removal of the PIB report from her personnel file, is not within the Commission's power to grant absent a demonstration of the existence of matters over which the Commission has jurisdiction, namely, cases involving removal, discipline, prohibited discrimination or rules violations.
This appeal followed.

STANDARD OF REVIEW
In Russell v. Mosquito Control Bd., 06-0346, pp. 7-8 (La.App. 4 Cir. 9/27/06), 941 So.2d 634, 639, we recently articulated the applicable standard of review in civil service cases is as follows:
First, the review by appellate courts of the factual findings in a civil service case is governed by the manifest error or clearly erroneous standard. Second, when the Commission's decision involves jurisdiction, procedure, and interpretation of laws or regulations, judicial review is not limited to the arbitrary, capricious, or abuse of discretion standard. Instead, on legal issues, appellate courts give no special weight to the findings of the trial court, but exercise their constitutional duty to review questions of law and render judgment on the record. A legal error occurs when a trial court applies the incorrect principles of law and such errors are prejudicial. Finally, a mixed question of fact and law should be accorded great deference by appellate courts under the manifest error standard of review.
Id. (citing Banks v. New Orleans Police Dep't., 01-0859, p. 3 (La.App. 4 Cir. 9/25/02), 829 So.2d 511, 513-14).

DISCUSSION
The sole issue presented on this appeal is whether Ms. Foucha has a right of appeal to the Commission. "[T]he question of whether an employee has the right to appeal is analogous to the question of whether a plaintiff has a cause of action." Banks, 01-0859 at p. 3, 829 So.2d at 514. If the employee alleges a ground upon which an appeal is allowed, the employee has a right to appeal. In this case, Ms. Foucha alleges the following two grounds on which she contends she has a right to appeal: (i) the RUI designation issue, which she characterizes as an employment-related issue; and (ii) the emergency suspension, which she characterizes as a disciplinary action. We separately address these two grounds.
(i) the RUI designation issue
The RUI designation issue refers to Ms. Foucha's request that the Commission order the NOPD to remove from her record the RUI designation, which she contends is precluding her from obtaining employment with another law enforcement agency. Ms. Foucha further contends that this is an employment related dispute because it is an allegation by the NOPD that she was neglectful of her duty and that she resigned while she was under investigation. In support of her contention that the Commission erred in finding it lacked jurisdiction over this issue, Ms. Foucha cites Simon v. Board of Comm'rs of Port of New Orleans, 04-0368 (La.App. 4 Cir. 5/12/04), 875 So.2d 102. In Simon, she contends that this court held the Commission had jurisdiction over an analogous employment related disputean employee's challenge of the circumstances surrounding his resignation and his subsequent *808 inability to secure employment with another police agency. She also cites Simon for the well-settled principle that the Commission has exclusive jurisdiction over all classified civil service employer-employee disputes that are employment related.
Ms. Foucha's reliance on Simon is misplaced for two reasons.
The well-settled principle recited in Simon is that the Commission has jurisdiction over all employment related disputes, which refers to the Commission's jurisdiction over matters stemming from its broad rule making authority under La. Const. art. X, § 10(A). Construing Section 10(A), the jurisprudence has found it evidences an intent to grant the Commission exclusive jurisdiction in those areas where it has exercised its "broad and general rulemaking" power. Strickland v. State, Through Office of the Governor, 525 So.2d 740, 743 (La.App. 1 Cir.1988); see also Crockett v. State Through Dep't of Public Safety and Corrections, 97-2528, p. 4 (La. App. 1 Cir. 11/6/98), 721 So.2d 1081, 1083. Thus, as Ms. Foucha points out, the Commission has exclusive jurisdiction over classified civil service employment related disputes. Eberhardt v. Levasseur, 630 So.2d 844 (La.App. 4 Cir.1993). However, as the Commission stated in its judgment, Ms. Foucha has not alleged a violation of any of the Commission's rules. Therefore, this principle is not relevant to her situation.
In addition, Simon is distinguishable factually. In Simon, a former harbor police officer commenced suit in district court against, among others, the Harbor Police Department ("HPD"). The suit arose out of the officer's resignation from his position with the HPD to take a law enforcement job with the NOPD. After the NOPD refused to employ him, he unsuccessfully attempted to rescind his resignation. Contending that the suit involved an employment-related issue within the Commission's exclusive jurisdiction, the HPD filed an exception of lack of subject matter jurisdiction. The trial court denied the exception. On appeal, this court found that the Commission had exclusive jurisdiction, basing our finding on the allegations in the officer's petition, which we found "clearly establish that this case is an employment-related matter involving the circumstances of his resignation, which he characterized as a `wrongful termination.'" Simon, 04-0368 at pp. 5-6, 875 So.2d at 105. We stated that "[t]he authority to review the basis for a termination of a civil servant's employment and decide whether it was in accordance with law is expressly and unambiguously assigned to the Civil Service Commission, subject to the right of judicial review, in Section 12(A) of Article 10." Simon, 04-0368 at p. 6, 875 So.2d at 105 (quoting Reimer v. Medical Center of Louisiana at New Orleans, 95-2799, p. 4 (La. App. 4 Cir. 1/29/97), 688 So.2d 165, 168). We further noted that the relief the officer sought included back pay and reinstatement, which are two types of relief the Commission has the authority to grant.
Unlike in Simon, Ms. Foucha does not claim that she was terminated or involuntarily resigned. Nor does she seek reinstatement or back pay. Rather, she acknowledges that she voluntarily resigned and seeks only to clear her record of the RUI designation. When, as in this case, an employee voluntarily resigns, the employee has no right to appeal. Russell, supra; Palmisano v. Department of Fleet Management, Parish of Jefferson, 97-745, p. 5 (La.App. 5 Cir. 12/10/97), 704 So.2d 862, 864. On the other hand, when as in Simon, it is alleged that an employee involuntarily resigned, the employee has a right to appeal. Russell, supra. The reason an employee who involuntarily resigns *809 has a right to appeal is "to preclude the characterization of disciplinary action as a `resignation' to subvert an employee's right to appeal provided for by La. Const. Art 10, § 8." Peterson v. Department of Streets, 369 So.2d 235, 237 (La.App. 4th Cir.1979).
Summarizing, we find the RUI designation issue, albeit related to Ms. Foucha's prior employment, is not an employment-related dispute within the Commission's jurisdiction because it does not involve a violation of the Commission's rules. As the Commission found in dismissing the appeal, the RUI designation issue also does not involve removal, disciplinary action, or prohibited discrimination. We thus find no error in the Commission's finding that it lacks jurisdiction over this issue.
(ii) emergency suspension
The other ground that Ms. Foucha relies on as establishing a right to appeal is the September 15, 2005 emergency suspension. Ms. Foucha contends that the emergency suspension was a disciplinary action over which the Commission has exclusive jurisdiction. She relies on La. Const. art. X, §§ 8 and 12, which grant the Commission the exclusive power to hear and decide all removal and disciplinary actions involving classified employees. The Constitution, however, does not define a disciplinary action.[6]
The emergency suspension at issue in this case was not a suspension in the true sense of the word. The emergency suspension, as Ms. Foucha states in her brief to this court, "was part of the Department wide emergency suspension procedure which was put into effect and impacted all officers who had not returned to their duties by September 14, 2005." Ms. Foucha was never issued a disciplinary letter or formally suspended. Moreover, as noted in the PIB report, beginning on August 28, 2005, Ms. Foucha was designated as absent without pay ("AWP") and absent without leave ("AWOL"). Thus, even before the emergency suspension, she was on unpaid leave. The only real effect of the emergency suspension was to commence an investigation into whether she abandoned her position.
Even assuming, arguendo, that the emergency suspension constituted disciplinary action, we find, as the NOPD contends, that Ms. Foucha's voluntary resignation precludes her from appealing the emergency suspension. As noted above, an employee who voluntarily resigns has no right to appeal. Russell, supra. Given her voluntary resignation, we find Ms. Foucha does not have the right to appeal her emergency suspension.

DECREE
For the forgoing reasons, the judgment of the Commission is affirmed.
AFFIRMED.
NOTES
[1] Although the appellant is also referred to in the record as Latasha Foucha-Dent, we use the name that appears in the caption, Latasha Foucha.
[2] She was a commissioned officer and a first responder. She was assigned to Operations/Crime Prevention.
[3] Ms. Foucha contends that she was under the impression she was relieved of her duty to report given her circumstancesshe was married to a NOPD officer and the mother of three minor children. Her impression was that "if first responders were married and had children, the wife would be relieved of `alert' status so that she could tend to the children of the couple." Although we sympathize with Ms. Foucha's circumstances, the issue of whether she was relieved of her duty to report or abandoned her position is not before us.
[4] In her written resignation, she lists her reason for resigning as follows: "the devastation caused by [H]urricane Katrina made it impossible for any of my family members or my husband's family members to properly care for our children, in the event of our absence."
[5] The NOPD represents that due to Ms. Foucha's resignation it never completed its investigation into whether she abandoned her position. It further represents that it kept the investigation open in case Ms. Foucha would ever seek re-employment with the department. Ms. Foucha contends that the investigation did not formally begin until after she resigned and that she was unaware of the investigation until she sought employment with an Ohio law enforcement agency. Although before the Commission Ms. Foucha sought to have her record cleared of the PIB report, in this court she seeks to have her record cleared of the RUI designation. We view these requests as synonymous and thus address only the RUI designation issue briefed by Ms. Foucha on appeal.
[6] The Commission rules provide that "[r]egular employees in the classified service shall have the right to appeal disciplinary actions to the Commission, including retirement, demotion, suspension, fine or reduction in pay" and provides for appeal of certain types of discrimination claims. Rules of the City of New Orleans Civil Service Commission, Rule 4.1.