950 So.2d 96 (2007)
Fred MOORE, III
v.
DEPARTMENT OF POLICE.
No. 2006-CA-1217.
Court of Appeal of Louisiana, Fourth Circuit.
January 17, 2007.
*97 Gary M. Pendergast, New Orleans, LA, for Plaintiff/Appellant.
James B. Mullaly, Assistant City Attorney, Penya M. Moses-Fields, City Attorney, Joseph V. Dirosa, Jr. Chief Deputy City Attorney, New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE, Judge MAX N. TOBIAS JR.).
MICHAEL E. KIRBY, Judge.
The plaintiff, Fred Moore, III, appeals the ruling of the Civil Service Commission (hereinafter "CSC") which found that due to his voluntary resignation he had no right to appeal a notation in his personnel record that he "resigned under investigation."
The New Orleans Police Department had employed Mr. Moore for approximately sixteen (16) years when Hurricane Katrina wreaked havoc in southeast Louisiana on August 29, 2005. He was in New Orleans at the time of the hurricane's impact and remained at his assigned post until September 2, 2005.
Mr. Moore is a single parent and has custody of his minor son who was residing with him. The child has a severe asthmatic problem and had begun to experience increasing symptoms. Due to power outages and no electricity in the City, the appellant's son could not take his asthma medication via a nebulizer. Although the appellant attempted to substitute oral medication, it was not effective and the child's symptoms increasingly worsened.
On September 2, 2005, the appellant reported to his supervisor, Sgt. Erin Riley, and apprised his sergeant of his son's worsening condition. At that point, Mr. Moore made the decision to remove his child from the City of New Orleans and to *98 bring the child to the child's mother in Texas.
After arriving in Texas, and due to a number of different complications involving his son, the appellant decided to resign from the New Orleans Police Department. Mr. Moore communicated his decision to resign to his supervisor on or about September 29, 2005. Thereafter, Mr. Moore returned to New Orleans and personally submitted a copy of his resignation letter to Marilyn Melder, the Assistant Personnel Director of the New Orleans Police Department.
Subsequent to his formal resignation on September 29, 2005, the appellant learned that the New Orleans Police Department had commenced an investigation and had designated in his personnel file that the appellant had "resigned under investigation," also known as an "RUI."
An RUI designation, for all intents and purposes, prohibits any former law enforcement officer from obtaining another law enforcement position and is a serious impediment to any employment whatsoever.
Upon learning of the RUI designation, the appellant filed an appeal with the CSC on or about April 19, 2006. Thereafter, the Department of Police filed a Motion for Summary Disposition which was taken up by the CSC on June 19, 2006. On July 17, 2006, the CSC rendered its decision, which in pertinent part states:
* * *
The Appellant has no right of appeal to the Civil Service Commission. The Louisiana Fourth Circuit Court of Appeal has held that an employee has a right to appeal when the employee is forced to resign or involuntarily resigns. Stern v. New Orleans City Planning Com'n., 859 So.2d 696, XXXX-XXXX La.App. 4 Cir. 9/17/03, (La. App. 4 Cir.2003).[sic] However, the Appellant concedes that his resignation was voluntary. The statement in his personnel folder that the Appellant finds objectionable may simply be nothing more than a recitation of fact. To the extent that the appellant asserts that the statement interferes with his private property interests jurisdiction over such matters lies with the district courts. [Emphasis added.]
STANDARD OF REVIEW
The review by appellate courts of the factual findings in a CSC case is governed by the manifest error or clearly erroneous standard. However, when the CSC's decision involves jurisdiction, procedure and interpretation of laws or regulations, judicial review is not limited to the arbitrary, capricious, or abuse of discretion standard. Instead, on legal issues, appellate courts give no special weight to the findings of the trial court, but exercise their constitutional duty to review questions of law and render judgment on the record. Russell v. Mosquito Control Board, 06-0346, pp. 7-8 (La.App. 4 Cir. 9/27/06), 941 So.2d 634, 639-40; Banks v. New Orleans Police Dep't., 01-0859, 01-1302, p. 3 (La.App. 4 Cir. 9/25/02), 829 So.2d 511, 513-14. A legal error occurs when a trial court applies the incorrect principles of law and such errors are prejudicial. Finally, a mixed question of fact and law should be accorded great deference by appellate courts under the manifest error standard of review. See Stern v. New Orleans City Planning Comm'n, 03-0817, pp. 5-6 (La.App. 4 Cir. 9/17/03), 859 So.2d 696, 699-700.
LEGAL ANALYSIS
Appellant assigns as error the CSC's conclusion that he had no right of *99 appeal to it of the action taken against him by the New Orleans Police Department in commencing an investigation and then designating his personnel file "resigned under investigation."
The Louisiana Constitution of 1974, Art. X, treats the topic of Public Employees and lays out the laws governing Civil Service. More specifically, Art. X, § 10, states in pertinent part:
Section 10. (A) Rules. (1) Powers. Each commission is vested with broad and general rulemaking and subpoena powers for the administration and regulation of the classified service, including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; to adopt a uniform pay and classification plan; to require an appointing authority to institute an employee training and safety program; and generally to accomplish the objectives and purposes of the merit system of civil service as herein established. It may make recommendations with respect to employee training and safety. [Emphasis added.]
* * *
(4) Effect. Rules adopted pursuant hereto shall have the effect of law and be published and made available to the public. Each commission may impose penalties for violation of its rules by demotion in or suspension or discharge from position, with attendant loss of pay.
(B) Investigations. Each commission may investigate violations of this Part and the rules, statutes, or ordinances adopted pursuant hereto.

* * *
Moreover, the Louisiana Constitution of 1974, Art. X, § 12, further states in pertinent part the law governing appeal:
Section 12. (A) State. The State Civil Service Commission shall have the exclusive power and authority to hear and decide all removal and disciplinary cases, with subpoena power and power to administer oaths.
* * *
(B) Cities. Each city commission established by Part I of this Article shall have the exclusive power and authority to hear and decide all removal and disciplinary cases, with subpoena power and power to administer oaths. It may appoint a referee to take testimony, with subpoena power and power to administer oaths to witnesses. The decision of a commission shall be subject to review on any question of law or fact upon appeal to the court of appeal wherein the commission is located, upon application filed with the commission within thirty calendar days after its decision becomes final.
Appellant cites Simon v. Board of Com'rs of Port of New Orleans, 04-0368 (La.App. 4 Cir. 5/12/04), 875 So.2d 102, for the proposition that the CSC has jurisdiction whenever an employment related issue is alleged.
Even though plaintiff here raises an employment related issue, we distinguish Simon[1], on the facts and the petition. In *100 Simon petitioner alleged constructive discharge and wrongful termination, he also requested back pay and the reinstatement of the emoluments of employment with the Harbor Police Department in addition to damages based on various tort claims. In the present matter, we note that unlike in Simon, plaintiff was not discharged or involuntarily terminated and he does not seek reinstatement to his job. Since plaintiff is not seeking to be re-employed, the CSC no longer has jurisdiction because its jurisdiction extends to "personnel matters and transactions"[2] and plaintiff voluntarily chose no longer to be among the City's personnel.
In Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), the United States Supreme Court held that the Due Process Clause provides that certain substantive rights  life, liberty and property  cannot be deprived except pursuant to constitutionally adequate procedures. The U.S. Supreme Court distinguished the categories of substance and procedure.
Nevertheless, we have held that an employee relinquishes his Loudermill rights, which are designed to protect his property right in continued employment, when he voluntarily resigns. See Abel v. Auglaize County Highway Dep't., 276 F.Supp.2d 724, 738 (N.D.Ohio 2003) (finding employee's resignation renders Loudermill inapplicable). Similarly, our brethren have held that an employee has no right to appeal when the employee voluntarily resigns or retires. Palmisano v. Department of Fleet Management, Parish of Jefferson, 97-745, p. 5 (La.App. 5 Cir. 12/10/97), 704 So.2d 862, 864. The question of whether an employee has the right to appeal to the CSC is analogous to the question of whether a plaintiff in district court has a cause of action. Banks, supra, XXXX-XXXX at p. 3, 829 So.2d at 514.
Since we find no contradictory evidence in the record to indicate that Mr. Moore's resignation was anything but voluntary, it follows that we find no error in the CSC's decision that he does not have a right to appeal. This does not preclude plaintiff from seeking redress under tort law, but the CSC is not the proper forum under these facts.
AFFIRMED.
NOTES
[1] Simon further stated that the mere inclusion of tort claims in the petition does not change the nature of the claim, citing Reimer v. Medical Center of Louisiana at New Orleans, 95-2799 (La.App. 4 Cir. 1/29/97), 688 So.2d 165. Reimer was a case based upon discrimination that was brought in district court and held among other things that the fact that an employee sought a money judgment did not dictate that the proper forum was a district court.
[2] La. Const. Art. X § 10(A)(1).