DAVID S. GORBATY, Judge.
Bin this appeal, Keith Jerome argues that the Civil Service Commission erred in holding that it lacked jurisdiction over his appeal. For the reasons set forth below, we affirm.

FACTS AND PROCEDURAL HISTORY

Jerome was employed with the Third District of the New Orleans Police Depart *897 ment (“NOPD”) from May 11, 1998 to October 24, 2005 as a permanent status Police Officer III. An investigation was opened regarding an alleged 1027 violation (failure to verify the identity of a wanted subject) following an incident in January 2005 in which Jerome and his partner were accused of arresting the wrong subject of a fugitive arrest warrant. The investigating officer took a statement from Jerome on March 17, 2005 and advised Jerome of the Police Officer’s Bill of Rights. Jerome received no formal notice that he was under investigation, nor was he notified of the existence or outcome of the investigative report.
In August 2005, Jerome requested and was granted military leave. He took leave shortly before Hurricane Katrina made landfall at New Orleans. After the hurricane, there was some confusion regarding Jerome’s absence during the [2hurricane. This led to an informal “DI-3” disciplinary investigation by the NOPD. The NOPD concluded that Jerome’s absence was authorized, and the allegation was designated “NIN” — “no further investigation necessary,” and was dropped. On October 24, 2005, after his military leave expired, Jerome tendered his resignation to the NOPD.
When Jerome submitted an application for employment with the Texas Highway Patrol, he learned that he was the subject of an open investigation (the 1027 alleged violation). He also learned that his personnel file contained the notation “resigned under investigation” (“RUI”).
Jerome filed an appeal with the CSC, objecting to the NOPD’s notation that he resigned under investigation. The CSC denied his appeal, stating that since Jerome had voluntarily resigned from the NOPD, it lacked jurisdiction. Jerome subsequently filed this appeal.

DISCUSSION

In his sole assignment of error, Jerome avers that the CSC erred in denying his appeal for the stated reason that it lacked jurisdiction.
The review by appellate courts of the factual findings in a CSC case is governed by the manifest error or clearly erroneous standard. However, when the CSC’s decision involves jurisdiction, procedure and interpretation of laws or regulations, judicial review is not limited to the arbitrary, capricious, or abuse of discretion standard. Instead, on legal issues, appellate courts give no special weight to the findings of the trial court, but exercise their constitutional duty to review questions of law and render judgment on the record. Russell v. Mosquito Control Board, 06-0346, pp. 7-8 (La.App. 4 Cir. 9/27/06), 941 So.2d 634, 639-40; Banks v. Orleans Police Dep’t., 01-0859, 01-1302, p. 3 (La.App. 4 Cir. 9/25/02), 829 So.2d 511, 513-14. A legal error occurs when a trial court applies the incorrect principles of law and such errors are prejudicial. Finally, a mixed question of fact and law should be accorded great deference by appellate courts under the manifest error standard of review. Stern v. New Orleans City Planning Comm’n, 03-0817, pp. 5-6 (La.App. 4 Cir. 9/17/03), 859 So.2d 696, 699-700.
The Louisiana Constitution of 1974, Art. X, treats the topic of Public Employees and lays out the laws governing Civil Service. More specifically, Art. X, § 10, states in pertinent part:
Section 10. (A) Rules. (1) Powers. Each commission is vested with broad and general rulemaking and subpoena powers for the administration and regulation of the classified service, including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in *898 pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; to adopt a uniform pay and classification plan; to require an appointing authority to institute an employee training and safety program; and generally to accomplish the objectives and purposes of the merit system of civil service as herein established. It may make recommendations with respect to employee training and safety.
[[Image here]]
(4) Effect. Rules adopted pursuant hereto shall have the effect of law and be published and made available to the public. Each commission may impose penalties for violation of its rules by demotion in or suspension or discharge from position, with attendant loss of pay.
(B) Investigations. Each commission may investigate violations of this Part and the rules, statutes, or ordinances adopted pursuant hereto.
[[Image here]]
Moreover, the Louisiana Constitution of 1974, Art. X, § 12, further states in pertinent part the law governing appeal:
Section 12. (A) State. The State Civil Service Commission shall have the exclusive power and authority to hear and decide all removal and disciplinary cases, with subpoena power and power to administer oaths.
[[Image here]]
(B) Cities. Each city commission established by Part I of this Article shall have the exclusive power and authority to hear and decide all removal and disciplinary cases, with subpoena power and power to administer oaths. It may appoint a referee to take testimony, with subpoena power and power to administer oaths to witnesses. The decision of a commission shall be subject to review on any question of law or fact upon appeal to the court of appeal wherein the commission is located, upon application filed with the commission within thirty calendar days after its decision becomes final.
In Moore v. Department of Police, 06-1217 (La.App. 4 Cir. 1/17/07), 950 So.2d 96, this court addressed an issue analogous to the one at hand. After Moore, a police officer, resigned, he learned that the police department had commenced an investigation and had designated in his personnel file that he had “resigned under investigation.” He appealed the matter to the CSC. The CSC denied his appeal, finding that because he had voluntarily resigned, he had no right to appeal the RUI notation in his record. Moore appealed the matter to this court, and this court affirmed the CSC’s decision.
In the present case, plaintiff was not discharged or involuntarily terminated, and he does not seek reinstatement to his job. Since plaintiff is not seeking to be reemployed, the CSC no longer has jurisdiction, because its jurisdiction extends to “personnel matters and transactions” and plaintiff voluntarily chose no longer to be among the City’s personnel.
We find no evidence in the record to indicate that Jerome’s resignation was anything but voluntary. As such, we find no error in the CSC’s decision that he does not have a right to an appeal. This does not preclude plaintiff from seeking redress under tort law, but the CSC is not the proper forum under these facts.
*899 | ¿CONCLUSION
Accordingly, for the foregoing reasons, the judgment of the Civil Service Commission is affirmed.

AFFIRMED.

ARMSTRONG, C.J., concurs.
MURRAY, J., concurs with reasons.
ARMSTRONG, C.J., concurs.
|, In view of Moore v. Department of Police, 06-1217 (La.App. 4 Cir. 1/17/07), 950 So.2d 96, I respectfully concur in the result reached.
MURRAY, J., concurs with reasons.
hThe result reached by the majority is compelled by this court’s jurisprudence. Moore v. Department of Police, 06-1217 (La.App. 4 Cir. 1/17/07), 950 So.2d 96; Foucha v. Department of Police, 06-0860 (La.12/20/06), 947 So.2d 805. In Foucha and Moore, former officers who had voluntarily resigned sought to appeal to- the Commission a “resigned under investigation” (“RUI”) designation in their personnel record. In both cases, this court found the officer lacked the right to appeal because the officer had voluntarily resigned.
In Foucha, we further found that the RUI designation issue, albeit related to the officer’s prior employment, was not an employment-related dispute within the Commission’s jurisdiction because it did not involve a violation of the Commission’s rules. The Commission in Foucha noted that the remedy the officer sought — removal of the RUI designation from the officer personnel file — was not within its power to grant because the case did not involve removal, disciplinary action, or prohibited discrimination. As in Foucha, the remedy Mr. Jerome seeks — “remand [of] this case so that NOPD may offer a realistic way for [Mr.] Jerome to clear his record” — is not within the Commission’s power to grant. Although I sympathize with Mr. Jerome’s plight, the result the majority reaches is correct. For these reasons, I concur.